■ In the Matter of JAMES MCALLISTER, Respondent, v COUNTY OF NASSAU et al., Appellants. [609 NYS2d 294] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the appeal is from an order of the Supreme Court, Nassau County (Ain, J.), dated February 7, 1992, which granted the application.

Ordered that the order is reversed, on the law, with costs, and the application is denied.

The petitioner was allegedly assaulted by members of the Nassau County Police Department during the course of his arrest on December 7, 1990. The petitioner did not seek legal advice regarding a possible civil suit against the County and the Police Department until on or about April 26, 1991, at which time he first learned of the requirement that a notice of claim be filed within 90 days of the incident in order to maintain a civil suit against a municipality. At the same time, the petitioner authorized counsel to make the instant application for leave to file a late notice of claim.

On June 5, 1991, the petitioner executed an affidavit in support of his application. The application was brought by order to show cause signed November 6, 1991. The primary grounds for the application were the petitioner's contention that he was more concerned with his injuries and the criminal proceedings against him than with bringing a civil suit, and counsel's representation that the petitioner's incarceration hindered the expeditious submission of the application. It is noted that the petitioner remained incarcerated from the time of his arrest in December 1990 to the time of the application.

The appellants opposed the application, alleging that the delay was prejudicial because it was not known whether the officers involved were still employed by the Police Department. In addition, the appellants claimed that the petitioner did not file a complaint at the time of his arrest, and disputed the petitioner's argument that the Police Department received notice by virtue of the police officers' participation in the incident.

The Supreme Court granted the petitioner's application. While expressing doubts regarding the reasonableness of the petitioner's excuse, the court found that the appellants had failed to demonstrate any prejudice as a result of the delay. The appellants argue on this appeal that the Supreme Court improvidently exercised its discretion in granting the application. We agree.

It is well settled that General Municipal Law § 50-e (5) grants the court discretion to grant leave to serve a late notice of claim, based on such factors as whether the municipality received actual notice of the incident within the 90-day limitation period or shortly thereafter, whether the delay substantially prejudiced the municipality, and whether the petitioner offered a reasonable excuse for the delay (see, General Municipal Law § 50-e [5]; *Matter of Reisse v County of Nassau,* 141 AD2d 649, 650-651).

In this case, there is no basis for concluding that the appellants received actual notice of the incident prior to the subject application (see, *Caselli v City of New York,* 105 AD2d 251, 255-256).

As to the petitioner's excuse for the delay, it is true that a delay may be excused where the petitioner is more concerned with recovering from his injuries than with commencing a civil action (see, *Morano v County of Dutchess,* 160 AD2d 690, 692). Assuming, *arguendo,* that the petitioner's nearly five-month delay in seeking counsel on the civil matter was reasonable, the petitioner provides no excuse for waiting until November 1991, a delay of nearly seven additional months, to bring this application (see, *Matter of Morgan v City of Elmira,* 115 AD2d 885, 887). We find this delay particularly troubling in light of the fact that the petitioner executed his own affidavit in support of the application on June 5, 1991.

We find no merit to the petitioner's argument that his incarceration hindered the expeditious filing of the application.

Accordingly, the order appealed from is reversed and the application denied. Balletta, J. P., Ritter, Copertino and Goldstein, JJ., concur.