■ In the Matter of NATIONAL SURETY CORPORATION, Respondent, v TOWN OF GREENBURGH, Appellant. [699 NYS2d 128] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the appeal is from an order of the Supreme Court, Westchester County (Cowhey, J.), entered October 2, 1998, which granted the application.

Ordered that the order is affirmed, with costs.

The petitioner is an insurance carrier that has been subrogated to the rights of L & J.G. Stickley, Inc. (hereinafter Stickley), a retailer of high-quality home furnishings. The petition alleges that as a result of a sewer system overflow on December 20, 1997, Stickley sustained severe property damage. The sewer system was owned, operated, and controlled by the Town of Greenburgh.

The Supreme Court did not improvidently exercise its discretion in granting the petitioner's application for leave to serve a late notice of claim upon the Town of Greenburgh (*see,* General Municipal Law § 50-e [5]; *Matter of Embery v City of New York,* 250 AD2d 611; *Matter of Kelli A. v Galway Cent. School Dist.,* 241 AD2d 883, 884-885; *Matter of Singh v City Univ.,* 223 AD2d 545, 546).

The petitioner's error concerning the identity of the public corporation upon which the notice of claim was to be served was excusable. Moreover, most of the short delay of 26 days in serving the notice of claim is attributable to the attempt to ascertain the identity of the public corporation against which the claim had to be served (*see, Baldeo v City of New York,* 127 AD2d 809). The Town failed to substantiate its conclusory assertions of prejudice caused by the delay (*cf., Matter of Bollerman v New York City School Constr. Auth.,* 247 AD2d 469, 470).

We agree with the Supreme Court that the Town acquired actual knowledge of the essential facts constituting this claim within the statutorily-prescribed 90-day period. The Town owned, operated, and controlled the subject sewer system. It knew of the incident shortly after it occurred, because it had sent repair workers to the overflow site on or soon after the day of the incident to make the necessary repairs (*see, Rechenberger v Nassau County Med. Ctr.,* 112 AD2d 150). Ritter, J. P., McGinity, H. Miller and Feuerstein, JJ., concur.