■ In the Matter of PAULETTE GILLUM, Respondent, v COUNTY OF NASSAU, Appellant, and TOWN OF HEMPSTEAD, Respondent. [726 NYS2d 458] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the County of Nassau appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), entered June 7, 2000, as granted that branch of the petitioner's application which was for leave to serve upon it a late notice of claim.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, and that branch of the petitioner's application which was for leave to serve upon the appellant a late notice of claim is denied.

The Supreme Court improvidently exercised its discretion in granting that branch of the petitioner's application which was for leave to serve upon the appellant a late notice of claim one year after the accident. Even accepting the petitioner's assertion that she was incapacitated due to her injuries, she failed to offer any excuse for the five-month delay after she obtained counsel (*see, Matter of McAllister v County of Nassau,* 202 AD2d 670).

Furthermore, the petitioner failed to establish that the appellant had received actual notice within 90 days after the claim arose or a reasonable time thereafter (*see, DeAngelis v Board of Educ.,* 281 AD2d 448). The police accident report did not provide the appellant with notice of the essential facts constituting the petitioner's claim (*see, Matter of Dominguez v City of New York,* 272 AD2d 326).

The petitioner contends that her delay in serving the notice of claim did not prejudice the appellant, as it had actual notice of the alleged improper road design and inadequate traffic control devices at the location of the accident. However, she failed to establish that prior accidents occurred at that loca-

tion, or that complaints from the community before her ac-cident placed the appellant on notice of the alleged dangerous condition. Moreover, the petitioner's delay prevented the appellant from conducting a timely investigation into whether the alleged dangerous condition was a cause of the accident, and from ·interviewing potential witnesses, including a witness identified in the police accident report, while their recollections were fresh (*see, Matter of DeMolfetto v City of New York,* 216 AD2d 295; *Morano v County of Dutchess,* 160 AD2d 690). O'Brien, J. P., Krausman, Goldstein and Crane, JJ., concur.