■ In the Matter of MICHAEL TUMM, Respondent, v TOWN OF EASTCHESTER et al., Appellants. [779 NYS2d 217]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered August 12, 2003, which granted the petition.

Ordered that the order is affirmed, with costs.

The petitioner, a developmentally-disabled 19 year old, alleged that on September 30, 2002, while participating in a recreational program run by the Southeast Consortium for Special Services, Inc. (hereinafter the Consortium), he was sexually assaulted by a bus monitor employed by the Consortium. According to the Consortium's interagency agreement, the Consortium is a not-for-profit corporation which provides jointly-operated community-based recreational programs for individuals with developmental disabilities. The Consortium is funded by the municipalities comprising its membership, each of which has an appointed representative serving as a director on the Consortium's Board of Directors (hereinafter the Board).

The Village of Mamaroneck Police Department and the Consortium were advised of the incident within days of its occurrence. Within a month, the Board sent a letter to all families participating in the program in which the petitioner was

enrolled and held a meeting to address the concerns of the parents. The Westchester County District Attorney's Office prosecuted the bus monitor, who allegedly confessed. The petitioner, who failed to timely serve a notice of claim on any of the respondents, commenced this proceeding for leave to serve a late notice of claim more than two months after the 90-day statutorily-prescribed period expired (*see* General Municipal Law § 50-e [1] [a]).

General Municipal Law § 50-e is "intended to protect a public corporation against stale or unwarranted claims and to enable it to investigate claims timely and efficiently" (*Caselli v City of New York,* 105 AD2d 251, 252 [1984] [internal quotation marks omitted]; *see Alvarez v New York City Hous. Auth.,* 203 AD2d 219 [1994]). The determination of a petition for leave to serve a late notice of claim is left to the sound discretion of the court (*see Alvarez v New York City Hous. Auth., supra; Ortega v New York City Hous. Auth.,* 167 AD2d 337 [1990]). The Supreme Court weighed the factors relevant to determining this issue and, under the given circumstances, providently exercised its discretion in granting the petition (*see Matter of National Sur. Corp. v Town of Greenburgh,* 266 AD2d 550 [1999]; *Ortega v New York City Hous. Auth., supra*). Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.