In the Matter of JESSICA CATTELL, Appellant, v TOWN OF BROOKHAVEN, Respondent. [800 NYS2d 603]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated September 8, 2004, which denied the application.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the petitioner's application for leave to serve a late notice of claim 14 months after the accident. The petitioner failed to offer any excuse for the 14-month delay in bringing this proceeding (*see Shapiro v Town of Clarkstown*, 238 AD2d 498 [1997]; *Matter of McAllister v County of Nassau*, 202 AD2d 670 [1994]; *Matter of Dube v City of New York*, 158 AD2d 457 [1990]).

The petitioner contends that the respondent received timely notice of her claim that the vehicle in which she was a passenger was caused to skid off the road and collide with a tree due to the defective design of the roadway and lack of stop signs because it had conducted a study of the roadway in 2000 and had received numerous complaints concerning speeding vehicles on that portion of the roadway. However, the petitioner failed to establish that the study recommended the installation of stop signs at the intersection of that portion of the roadway or that complaints from the community before the accident placed the respondent on notice of the potential danger to vehicles traveling on that portion of the road due to the alleged defective design of the roadway or inadequate traffic control devices (*see Matter of Gillum v County of Nassau*, 284 AD2d 533 [2001]; *cf. Morano v County of Dutchess*, 160 AD2d 690 [1990]; *Fahey v County of Nassau*, 111 AD2d 214 [1985]).

Moreover, granting leave to serve a late notice of claim would result in prejudice to the respondent since it has been denied the opportunity to investigate whether the alleged dangerous condition was a cause of the accident due to the passage of time and the possible changed conditions of the accident site (*see Perre v Town of Poughkeepsie*, 300 AD2d 379 [2002]; *Matter of Gillum v County of Nassau, supra; Matter of Resto v City of*

*New York*, 240 AD2d 499 [1997]). H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.