■ In the Matter of PATRICK DELL'ITALIA, Appellant, v LONG ISLAND RAIL ROAD CORPORATION et al., Respondents, and TOWN OF BROOKHAVEN, Respondent. [820 NYS2d 81]—

In a proceeding for leave to serve a late notice of claim upon the Town of Brookhaven pursuant to General Municipal Law § 50-e, the petitioner appeals from an order of the Supreme Court, Suffolk County (Werner, J.), dated June 15, 2005, which denied the petition.

Ordered that the order is affirmed, with costs.

"In deciding whether to permit the service of a late notice of claim, the court generally will consider three factors: (1) whether the movant has a reasonable excuse for the failure to serve a timely notice of claim, (2) whether the municipality or agency acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) whether the delay would substantially prejudice the municipality in its defense" (*Matter of Conroy v Smithtown Cent. School Dist.*, 3 AD3d 492, 493 [2004]; *see Matter of Termini v Valley Stream Union Free School Dist. No. 13*, 2 AD3d 866 [2003]; *Matter of DiBella v City of New York*, 234 AD2d 366 [1996]). The presence or absence of any one of these factors is not necessarily determinative (*see Salvaggio v Western Regional Off-Track Betting Corp.*, 203 AD2d 938, 939-940 [1994]; *Ecks v County of Rockland*, 131 AD2d 424 [1987]). However, whether the public corporation acquired timely actual knowledge of the essential facts constituting the claim is seen as "a factor which should be accorded great weight" (*Matter of Morris v County of Suffolk*, 88 AD2d 956, 956 [1982], *affd* 58 NY2d 767 [1982]).

Here, the Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim. The Town of Brookhaven did not have any knowledge of this claim until the plaintiff brought this proceeding some 14 months after his slip and fall on snow and ice in the parking lot of the Long Island Rail Road's Ronkonkoma station. The petitioner's proffered excuse for the delay, his mistaken belief that the parking lot was owned and maintained by the Town of Islip, is unacceptable due to the unreasonable and unexplained additional four-month period of time which elapsed between discovery of his error and bringing the proceeding (*see Matter of Morris v County of Suffolk, supra* at 956; *Pagan v New York City Hous. Auth.*, 175 AD2d 114 [1991]). While the Town of Brookhaven has not demonstrated how the passage of time hampered its ability to interview witnesses or employees, and has not shown substantial prejudice in its ability to defend this proceeding, the Supreme Court properly denied the petition due to the lack of timely actual knowledge of the facts constituting the claim and the petitioner's lack of a reasonable excuse for the delay in

bringing the proceeding. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.