■ KELVIN LUCERO, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION (ELMHURST HOSPITAL CENTER), Respondent. [823 NYS2d 507]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from (1) a judgment of the Supreme Court, Queens County (Elliot, J), dated June 14, 2005, which, upon an order of the same court dated November 19, 2004, denying the plaintiff's motion for leave to serve a late notice of claim and granting the defendant's cross motion to dismiss the complaint, dismissed the complaint, and (2) so much of an order of the same court dated July 27, 2005, as denied that branch of his motion which was for leave to renew the prior motion for leave to serve a late notice of claim.

Ordered that the judgment is affirmed; and it is further;

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

Ten years after his birth, the plaintiff, an infant, sought leave to serve a late notice of claim upon the defendant, seeking damages for injuries the infant plaintiff alleges were caused by medical malpractice during his birth. The Supreme Court denied the motion for leave to serve a late notice of claim, and granted the defendant's cross motion to dismiss the complaint, and a judgment in favor of the defendant was entered. Thereafter, the plaintiff moved, inter alia, for leave to renew the prior motion for leave to serve a late notice of claim. That motion was denied.

Pursuant to General Municipal Law § 50-e (5), a court has the discretion to extend a claimant's time to serve a notice of claim, as long as the extension does not exceed the time limit for commencement of an action by the claimant against the municipality. "In determining whether to grant the extension, the court shall consider, in particular, whether the public corporation . . . acquired actual knowledge of the essential facts constituting the claim within [90 days after the claim arose] or within a reasonable time thereafter" (General Municipal Law § 50-e [5]). The court shall consider all other relevant circumstances, including whether the claimant can demonstrate that there is a reasonable excuse for failing to timely serve the notice, whether the claimant is an infant, and whether the delay substantially prejudiced the municipality in maintaining its defense on the merits (*id.; see Matter of Henriques v City of New York*, 22 AD3d 847 [2005]).

In this case, the record does not support the plaintiff's conten-

tion that the defendant had actual knowledge of the facts constituting the claim by virtue of its possession of the medical records pertaining to the infant plaintiff's delivery or subsequent care at the hospital. "Where, as here, there is little [in the medical records] to suggest injury attributable to malpractice during delivery, comprehending or recording the facts surrounding the delivery cannot equate to knowledge of facts underlying a claim" (*Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537 [2006]). Moreover, and contrary to the plaintiff's contention, the medical records of the pediatric care by the defendant, which state that at seven months old the plaintiff had mild hypotonia, a negative Moro reflex and mild developmental delay, do not establish actual knowledge of the facts constituting the claim. There is nothing in those records which suggest that the defendant had knowledge that these issues were in some way due to medical malpractice during his delivery.

Consideration of the other relevant facts of the case does not compel a different result. No reasonable excuse was proffered for the delay, and it is clear that there was no nexus between infancy and the delay (*see Williams v Nassau County Med. Ctr., supra*). Since the defendant did not have actual knowledge of the facts constituting the claim in a timely manner, and the delay in serving the notice was lengthy, the Supreme Court's finding that the defendant would be prejudiced if leave to serve the late notice was granted was a provident exercise of discretion (*see Williams v Nassau County Med. Ctr., supra*).

Finally, that branch of the plaintiff's motion which was for leave to renew was also properly denied. The new facts alleged by the plaintiff in support of the motion did not warrant a change of the prior determination (*see* CPLR 2221 [e] [2]). Florio, J.P., Goldstein, Luciano and Lunn, JJ., concur.