In the Matter of LAVETTA NARCISSE, Appellant, v INCORPORATED VILLAGE OF CENTRAL ISLIP et al., Respondents. [829 NYS2d 578]—

In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioner appeals from (1) an order of the Supreme Court, Suffolk County (Loughlin, J.), entered October 26, 2005, which denied the petition, and (2) an order of the same court dated February 24, 2006, which denied her motion, in effect, for leave to renew the petition.

Ordered that the orders are affirmed, with one bill of costs.

General Municipal Law § 50-e requires that a notice of claim be served within 90 days after a tort claim arises against a public corporation. This requirement is intended to protect public

corporations against stale claims and to give them an opportunity to timely and efficiently investigate tort claims (*see Matter of Tumm v Town of Eastchester*, 8 AD3d 581, 582 [2004]). The statute, however, provides for a discretionary extension of the 90-day time limit (*see* General Municipal Law § 50-e [1] [a]; [5]; *Lucero v New York City Health & Hosps. Corp.* [*Elmhurst Hosp. Ctr.*], 33 AD3d 977, 978 [2006]; *Matter of Kressner v Town of Malta*, 169 AD2d 927, 927-928 [1991]). The statute enumerates various factors relevant to an application for an extension, but it sets one apart from all the others: "the court shall consider, in particular, whether the public corporation . . . acquired actual knowledge of the essential facts constituting the claim within the [90-day period] or within a reasonable time thereafter." (General Municipal Law § 50-e [5].) Other factors, listed under the category "all other relevant facts and circumstances" (General Municipal Law § 50-e [5]), essentially require a reasonable excuse for the delay and a showing of lack of prejudice to the public corporation in its defense on the merits (*see Matter of Dell'Italia v Long Is. R.R. Corp.*, 31 AD3d 758, 759 [2006]; *Matter of Sica v Board of Educ. of City of N.Y.*, 226 AD2d 542 [1996]; *Matter of Shapiro v County of Nassau*, 208 AD2d 545 [1994]). None of these factors is "necessarily determinative" (*Matter of Dell'Italia v Long Is. R.R. Corp., supra* at 759).

The Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim. The petitioner did not establish that the respondents had "actual knowledge of the essential facts constituting the claim," within 90 days after her accident or within a reasonable time thereafter (General Municipal Law § 50-e [5]; *see Matter of Carpenter v City of New York*, 30 AD3d 594, 595 [2006]). Notably, the petitioner did not consult with an attorney until one month after the 90-day period had expired. Several weeks after this consultation, she served her petition for leave to serve a late notice of claim. The respondents did not have any knowledge of the petitioner's claim prior to their receipt of that petition. The petition, however, did not even specify the precise location of the accident or the time of day it occurred (*see* General Municipal Law § 50-e [2]; *Perre v Town of Poughkeepsie*, 300 AD2d 379, 380 [2002]). Additionally, as the Supreme Court found, the petitioner did not demonstrate a reasonable excuse for her delay (*see Matter of Welch v New York City Hous. Auth.*, 7 AD3d 805 [2004]; *Igneri v New York City Bd. of Educ.*, 303 AD2d 635, 636 [2003]). Nothing in her petition supports a conclusion that the petitioner was unable to serve a timely notice of claim within the 90 days following her accident (*see Matter of Carpenter v City of New York, supra; Matter of Jensen v*

*City of Saratoga Springs*, 203 AD2d 863, 864 [1994]). Moreover, her ignorance of the requirement of a timely notice of claim is not an acceptable excuse for delay (*see Saafir v Metro-North Commuter R.R. Co.*, 260 AD2d 462, 463 [1999]). Finally, the petitioner failed to demonstrate that the respondents were not prejudiced in their defense on the merits by the delay (*see Matter of Dumancela v New York City Health & Hosps. Corp.*, 32 AD3d 515, 516 [2006]; *Breeden v Valentino*, 19 AD3d 527, 528 [2005]).

We also note that the petitioner did not provide a proposed notice of claim with her petition, in violation of General Municipal Law § 50-e (7). Denial of the petition on this ground by itself would have been justified (*see Matter of Scott v Huntington Union Free School Dist.*, 29 AD3d 1010, 1010 [2006]).

In addition, the Supreme Court providently exercised its discretion in denying the petitioner's motion, in effect, for leave to renew her petition. The petitioner did not reasonably justify her failure to earlier provide the "new facts not offered" on the prior petition (CPLR 2221 [e] [2], [3]). Schmidt, J.P., Crane, Skelos and Fisher, JJ., concur.