■ In the Matter of RICKEY GRANT, Respondent, v NASSAU COUNTY INDUSTRIAL DEVELOPMENT AGENCY, Appellant. [875 NYS2d 556]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Nassau County (Spinola, J.), entered July 29, 2008, which granted the petition.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is denied.

A condition precedent to commencing a tort action against an industrial development agency is the service of a notice of claim upon it within 90 days after the claim arose (*see* General Municipal Law § 880 [2]; § 50-e [1] [a]). The court may, in its discretion, extend the time to serve a notice of claim (*see* General Municipal Law § 50-e [5]; *Matter of Lodati v City of New York*, 303 AD2d 406 [2003]). In determining whether to grant an application for leave to serve a late notice of claim, a court must consider, inter alia, whether the petitioner demonstrated a reasonable excuse for the delay, whether the public corporation acquired actual knowledge of the facts constituting the claim within 90 days after it arose or within a reasonable time thereafter, and whether the delay would substantially prejudice the public corporation in maintaining its defense on the merits (*see* General Municipal Law § 50-e [5]; *Gibbs v City of New York*, 22 AD3d 717, 719 [2005]; *Igneri v New York City Bd. of Educ.*, 303 AD2d 635 [2003]).

The Supreme Court improvidently exercised its discretion in granting the petition. The petitioner's assertion that he was unaware of the notice of claim requirement was not a reasonable excuse for his initial delay in serving a notice of claim upon the respondent (*see Matter of Gofman v City of New York*, 268 AD2d 588 [2000]; *Matter of Hernandez v City of New York*, 259 AD2d 751 [1999]; *Matter of Gaffney v Town of Hempstead*, 226 AD2d 721, 722 [1996]). The petitioner also failed to proffer any excuse for the further 2½-month delay between the time that he retained counsel and the time he made his first application for leave to serve a late notice of claim against the wrong governmental agency (*see Matter of Gillum v County of Nassau*, 284

AD2d 533 [2001]). In addition, even if the petitioner immediately reported the incident to the foreman of the general contractor on the construction site owned by the respondent and the foreman investigated the scene, this was insufficient to provide the respondent with actual knowledge of the essential facts constituting the claim (*see Matter of Bruzzese v City of New York*, 34 AD3d 577, 578 [2006]; *Matter of Carpenter v City of New York*, 30 AD3d 594, 595 [2006]; *Williams v City of Niagara Falls*, 244 AD2d 1006, 1007 [1997]; *cf. Matter of Farrell v City of New York*, 191 AD2d 698 [1993]).

Finally, under the circumstances of this case, the respondent would be prejudiced by the 10-month delay between the time the claim arose and the time the petitioner commenced this proceeding for leave to serve a late notice of claim (*see Matter of Groves v New York City Tr. Auth.*, 44 AD3d 856, 857 [2007]; *Matter of Deegan v City of New York*, 227 AD2d 620 [1996]; *Matter of Sosa v City of New York*, 206 AD2d 374, 375 [1994]). Skelos, J.P., Santucci, Angiolillo, Dickerson and Chambers, JJ., concur.