■ In the Matter of THOMAS PETERSON, Appellant, v NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION et al., Respondents. [887 NYS2d 269]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order and judgment (one paper) of the Supreme Court, Westchester County (Donovan, J.), entered June 18, 2008, which granted the motion of the New York State Office of Parks, Recreation and Historic Preservation and the New York State Department of Environmental Conservation to dismiss the petition insofar as asserted against them pursuant to CPLR 3211 (a), in effect, denied the petition insofar as asserted against the remaining respondents, and is in favor of all of the respondents and against the petitioner dismissing the proceeding. The appeal brings up for review so much of an order of the same court entered September 5, 2008, as, upon renewal and reargument, adhered to the original determination in the order and judgment entered June 18, 2008 (see CPLR 5517 [b]).

Ordered that the appeal from the order and judgment entered June 18, 2008, is affirmed; and it is further,

Ordered that the order entered September 5, 2008, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

We affirm so much of the Supreme Court's order and judgment as granted that branch of the motion of the New York State Office of Parks, Recreation and Historic Preservation and the New York State Department of Environmental Conservation (hereinafter together the State respondents) which was to dismiss the petition insofar as asserted against them, and dismissed the proceeding insofar as asserted against them, albeit upon a ground different from that relied upon by the Supreme Court. The Court of Claims has exclusive jurisdiction over claims for money damages against the State and its agencies,

departments, and employees acting in their official capacity in the exercise of governmental functions (*see* NY Const, art VI, § 9; Court of Claims Act §§ 8, 9 [2]; *Morell v Balasubramanian*, 70 NY2d 297, 300 [1987]; *Schaffer v Evans*, 57 NY2d 992, 994 [1982]; *Sinhogar v Parry*, 53 NY2d 424, 431 [1981]; *Dinerman v NYS Lottery*, 58 AD3d 669 [2009]). Consequently, the State respondents were entitled to dismissal of so much of the petition as sought leave to serve a late notice of claim upon them for lack of subject matter jurisdiction, as the claim seeks money damages against the State respondents for personal injuries that the petitioner allegedly sustained as a result of their alleged negligence in the ownership and/or maintenance of the roadway where he fell.

The Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim upon the remaining respondents. General Municipal Law § 50-e requires that a notice of claim be served within 90 days after a tort claim arises against a public corporation. This requirement is intended to protect public corporations against stale claims and to give them an opportunity to timely and efficiently investigate tort claims (*see Matter of Narcisse v Incorporated Vil. of Cent. Islip*, 36 AD3d 920 [2007]; *Matter of Tumm v Town of Eastchester*, 8 AD3d 581, 582 [2004]). The statute, however, provides for a discretionary extension of the 90-day time limit (*see* General Municipal Law § 50-e [1] [a]; [5]; *Lucero v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.]*, 33 AD3d 977, 978 [2006]; *Matter of Kressner v Town of Malta*, 169 AD2d 927, 927-928 [1991]). The statute enumerates various factors relevant to an application for an extension, but it sets one apart from all the others: "the court shall consider, in particular, whether the public corporation . . . acquired actual knowledge of the essential facts constituting the claim within the [90-day period] or within a reasonable time thereafter" (General Municipal Law § 50-e [5]). Other factors, listed under the category "all other relevant facts and circumstances" (*id.*), essentially require a reasonable excuse for the delay and a showing of lack of prejudice to the public corporation in its defense on the merits (*see Matter of Dell'Italia v Long Is. R.R. Corp.*, 31 AD3d 758, 759 [2006]; *Matter of Sica v Board of Educ. of City of N.Y.*, 226 AD2d 542 [1996]; *Matter of Shapiro v County of Nassau*, 208 AD2d 545 [1994]). None of these factors is "necessarily determinative" (*Matter of Dell'Italia v Long Is. R.R. Corp.*, 31 AD3d at 759).

The petitioner did not establish that the remaining respondents had "actual knowledge of the essential facts constituting

the claim," within 90 days after his accident or within a reasonable time thereafter (General Municipal Law § 50-e [5]; *see Matter of Carpenter v City of New York*, 30 AD3d 594, 595 [2006]). Although the remaining respondents were served with a petition for leave to serve a late notice of claim within three weeks after the expiration of the 90-day period for the service of a notice of claim upon them, neither the petition nor the proposed notice of claim specified the precise location of the accident (*see* General Municipal Law § 50-e [2]; *Perre v Town of Poughkeepsie*, 300 AD2d 379, 380 [2002]). In describing how the accident occurred, the proposed notice of claim and accompanying affidavits only stated that the petitioner tripped and fell in a "sink hole" on a "roadway" while inline skating at Kensico Dam Park, allegedly sustaining injuries to his shoulder. This proposed notice did not describe how the remaining respondents acquired actual notice of the essential facts constituting the claim within 90 days of the accident or a reasonable time thereafter (*see Perre v Town of Poughkeepsie*, 300 AD2d 379 [2002]). Moreover, the petitioner's contention that the remaining respondents had actual or constructive notice of the roadway defect and/or affirmatively created it does not establish that the respondents had actual knowledge of the accident itself (*see Washington v City of New York*, 72 NY2d 881 [1988]). "What satisfies the statute is not knowledge of the wrong, but notice of the claim. The municipality must have notice or knowledge of the specific claim and not general knowledge that a wrong has been committed" (*Matter of Sica v Board of Educ. of City of N.Y.*, 226 AD2d at 543; *see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 148 [2008]; *Matter of Shapiro v County of Nassau*, 208 AD2d 545 [1994]).

Additionally, as the Supreme Court found, the petitioner did not demonstrate a reasonable excuse for his delay (*see Matter of Narcisse v Incorporated Vil. of Cent. Islip*, 36 AD3d 920 [2007]; *Matter of Welch v New York City Hous. Auth.*, 7 AD3d 805 [2004]; *Matter of Jensen v City of Saratoga Springs*, 203 AD2d 863, 864 [1994]). While the remaining respondents failed to demonstrate how the passage of time hampered their ability to investigate the alleged roadway defect, or interview witnesses or employees, and did not show substantial prejudice in their ability to defend this proceeding, the Supreme Court nonetheless properly, in effect, denied the petition insofar as asserted against them due to the lack of timely actual knowledge of the facts constituting the claim and the petitioner's lack of a reasonable excuse for the delay in bringing the proceeding (*see Matter of Dell'Italia v Long Is. R.R. Corp.*, 31 AD3d at 759-760).

Upon renewal and reargument, the Supreme Court provi-

dently adhered to its original determination (see CPLR 2221 [d], [e], [f]).

The petitioner's remaining contentions either are without merit, have been rendered academic, or need not be reached in light of the foregoing. Dillon, J.P., Florio, Belen and Roman, JJ., concur.