In the Matter of ESTATE OF JOSEPHINE CURRERI, Deceased, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [929 NYS2d 759]—

The petition for leave to serve a late notice of claim was made about one year and 10 months after the subject accident occurred, and about 8 months after the appointment of an administrator of the Estate of Josephine Curreri. The papers submitted in support of the petition did not contain a proposed notice of claim, which was not in compliance with General Municipal Law § 50-e (7). This alone was a sufficient basis upon which to deny the petition (*see* General Municipal Law § 50-e [7]; *Matter of Narcisse v Incorporated Vil. of Cent. Islip*, 36 AD3d 920, 922 [2007]; *Matter of Scott v Huntington Union Free*

*School Dist.*, 29 AD3d 1010, 1010 [2006]; *Losavio v Stein*, 98 AD2d 742 [1983]). Furthermore, the petitioner failed to establish that the respondent had actual knowledge of the essential facts constituting the claim within the time specified in General Municipal Law § 50-e (1) (a) or within a reasonable time thereafter, and that the delay would not substantially prejudice the respondent in maintaining its defense on the merits (*see* General Municipal Law § 50-e [5]; *Nappi v County of Suffolk*, 79 AD3d 990, 992 [2010]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 153 [2008]; *Matter of Acosta v City of New York*, 39 AD3d 629, 630 [2007]). Moreover, the petitioner failed to proffer a reasonable excuse for the delay (*see Matter of Grant v Nassau County Indus. Dev. Agency*, 60 AD3d 946, 947 [2009]; *Matter of Gillum v County of Nassau*, 284 AD2d 533 [2001]; *Matter of Deegan v City of New York*, 227 AD2d 620 [1996]). Skelos, J.P., Angiolillo, Lott and Roman, JJ., concur.