In the Matter of THOMAS ANDERSON, Respondent, v TOWN OF OYSTER BAY, Appellant. [955 NYS2d 183]—

In determining whether to grant leave to serve a late notice of claim, the court must consider certain factors, including, inter alia, whether the petitioner demonstrated a reasonable excuse for failing to serve a timely notice of claim, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or within a reasonable time thereafter, and whether the delay

would substantially prejudice the public corporation in defending on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Wright v City of New York*, 99 AD3d 717 [2012]; *Matter of Mitchell v Town of Greenburgh*, 96 AD3d 852 [2012]; *Matter of Coplon v Town of Eastchester*, 82 AD3d 1095, 1095-1096 [2011]).

The petitioner failed to demonstrate a reasonable excuse for his failure to serve a timely notice of claim. His conclusory assertion that his prior attorneys failed to file a timely notice of claim due to an unspecified error was insufficient (*see Matter of Groves v New York City Tr. Auth.*, 44 AD3d 856, 857 [2007]; *Matter of Roland v Nassau County Dept. of Social Servs.*, 35 AD3d 477, 478 [2006]; *Lopez v New York City Hous. Auth.*, 193 AD2d 473, 474 [1993]).

Furthermore, the petitioner failed to establish that the Town of Oyster Bay acquired actual knowledge of the essential facts constituting the claim within 90 days after the subject accident or a reasonable time thereafter. The petitioner's oral report of the injury to his supervisor about one month after the accident and the filing of a workers' compensation claim with his employer two months after the accident did not provide the Town with actual knowledge of the accident (*see Matter of Grant v Nassau County Indus. Dev. Agency*, 60 AD3d 946, 948 [2009]; *Williams v City of Niagara Falls*, 244 AD2d 1006, 1007 [1997]). Similarly, even though two town representatives were present on a regular basis at the construction site where the accident occurred, there was no evidence that they were aware of the essential facts constituting the claim (*see Matter of Bruzzese v City of New York*, 34 AD3d 577, 578 [2006]; *Matter of Carpenter v City of New York*, 30 AD3d 594, 595 [2006]; *Matter of Pico v City of New York*, 8 AD3d 287, 288 [2004]; *Matter of Shapiro v County of Nassau*, 208 AD2d 545 [1994]). Even if the Town had been aware of the workers' compensation claim form filed with the petitioner's employer two months after the accident, that form merely indicated that the petitioner slipped and fell while carrying a wooden form. That claim form was insufficient to provide actual knowledge of the petitioner's present claim that he tripped and fell into a four-foot-deep trench due to the Town's negligence in the ownership, operation, repair, inspection, maintenance, and control of the worksite location (*see Matter of Werner v Nyack Union Free School Dist.*, 76 AD3d 1026, 1027 [2010]; *Matter of Catuosco v City of New York*, 62 AD3d 995, 996 [2009]; *Matter of Formisano v Eastchester Union Free School Dist.*, 59 AD3d 543, 544 [2009]; *Matter of Schifano v City of New York*, 6 AD3d 259, 260-261 [2004]).

In addition, the petitioner failed to rebut the Town's asser-

tion that his delay of more than eight months in filing this petition prejudiced its ability to investigate the alleged dangerous condition and to interview potential witnesses while their recollections were fresh, especially since the petitioner filed an amended workers' compensation claim form over one year after the accident which altered his prior statement that there were no witnesses to the accident (see *Matter of Iacone v Town of Hempstead*, 82 AD3d 888 [2011]; *Matter of Gillum v County of Nassau*, 284 AD2d 533 [2001]).

Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding. Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.