In the Matter of JUAN FARFAN, Appellant, v CITY OF NEW YORK, Respondent. [955 NYS2d 365]—

The Supreme Court providently exercised its discretion in, in effect, denying the petition for leave to serve a late notice of claim and dismissing the proceeding. General Municipal Law § 50-e (7) provides, in pertinent part, "[w]here the application is for leave to serve a late notice of claim, it shall be accompanied by a copy of the proposed notice of claim." Here, no proposed notice of claim was submitted with the petition. This was sufficient justification by itself to deny the petition (*see* General Municipal Law § 50-e [7]; *Matter of Estate of Curreri v New York City Hous. Auth.*, 87 AD3d 1064, 1065 [2011]; *Matter of Narcisse v Incorporated Vil. of Cent. Islip*, 36 AD3d 920, 922 [2007]; *Matter of Scott v Huntington Union Free School Dist.*, 29 AD3d 1010, 1010 [2006]). In any event, the petitioner proffered no excuse for his failure to serve a timely notice of claim (*see Matter of Estate of Curreri v New York City Hous. Auth.*, 87 AD3d at 1065; *Matter of Grant v Nassau County Indus. Dev. Agency*, 60 AD3d 946, 947 [2009]; *Matter of Gillum v County of Nassau*, 284 AD2d 533 [2001]). Moreover, although a police accident report was filed regarding the subject accident, the police accident report did not of itself provide actual knowledge to the City of the essential facts constituting the claim (*see Hardayal v City of New York*, 281 AD2d 593 [2001]; *Matter of Dominguez v City of New York*, 272 AD2d 326, 327 [2000]; *Matter of Vitali v City of New York*, 205 AD2d 636 [1994]; *Matter of Dube v City of New York*, 158 AD2d 457, 458 [1990]; *Caselli v City of New York*, 105 AD2d 251, 255 [1984]). Finally, the petitioner failed to establish that the City will not be substantially prejudiced in maintaining its defense on the merits as a result of the more than five-month delay between the date of the petitioner's accident and the commencement of this proceeding for leave to serve a late notice of claim (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 153 [2008]; *Matter of Yearusskaya v New York City Tr. Auth.*, 279 AD2d 583 [2001]). Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.