■ MICHAEL GRASSO et al., Appellants, v NASSAU COUNTY et al., Defendants, and LOCUST VALLEY FIRE DEPARTMENT, Respondent. [970 NYS2d 608]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Diamond, J.), entered June 5, 2012, which, upon an order of the same court entered April 25, 2012, granting the motion of the defendant Locust Valley Fire Department to dismiss the complaint insofar as asserted against it for failure to serve a timely notice of claim and denying the plaintiffs' cross motion pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim upon the defendant Locust Valley Fire Department, dismissed the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

Contrary to the contention of the defendant Locust Valley Fire Department (hereinafter the Fire Department), the plaintiffs properly brought their application for leave to serve a late notice of claim as a cross motion in the course of this pending action, rather than as a special proceeding (*see* General Municipal Law § 50-e [5], [7]; Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2211:2, C2211:3). Nevertheless, under the circumstances of this case, the Supreme Court providently exercised its discretion in denying the plaintiffs' cross motion for leave to serve a late notice of claim upon the Fire Department.

General Municipal Law § 50-e (7) provides, in pertinent part, "[w]here the application is for leave to serve a late notice of claim, it shall be accompanied by a copy of the proposed notice

of claim." Here, no proposed notice of claim was submitted with the cross motion. This was sufficient justification by itself to deny the cross motion (*see* General Municipal Law § 50-e [7]; *Matter of Farfan v City of New York*, 101 AD3d 714, 715 [2012]; *Matter of Estate of Curreri v New York City Hous. Auth.*, 87 AD3d 1064, 1065 [2011]; *Matter of Narcisse v Incorporated Vil. of Cent. Islip*, 36 AD3d 920, 922 [2007]). In any event, the plaintiffs did not demonstrate a reasonable excuse for their failure to serve a timely notice of claim upon the Fire Department. The plaintiffs' unsubstantiated claim of law office failure by their former attorney does not constitute a reasonable excuse for the failure to serve a timely notice of claim (*see Matter of Hill v New York City Tr. Auth.*, 68 AD3d 866, 867 [2009]; *Matter of Smith v Baldwin Union Free School Dist.*, 63 AD3d 1078, 1079 [2009]; *Matter of Deegan v City of New York*, 227 AD2d 620 [1996]).

Furthermore, the evidence submitted by the plaintiffs did not establish that the Fire Department had actual knowledge of the essential facts constituting the claim within the time specified in General Municipal Law § 50-e (1) (a) or a reasonable time thereafter. While the plaintiffs asserted that the Fire Department's representatives were present at the scene at the time of the accident, there was no evidence that they were aware of the facts constituting the plaintiffs' claims of medical malpractice and wrongful death against the Fire Department (*see Matter of Anderson v Town of Oyster Bay*, 101 AD3d 708, 709 [2012]; *Matter of Bruzzese v City of New York*, 34 AD3d 577, 578 [2006]; *Matter of Pico v City of New York*, 8 AD3d 287, 288 [2004]). Moreover, the plaintiffs failed to establish that any accident report, medical record, or media report sufficed to convey to the Fire Department actual knowledge of the essential facts constituting the claims against it (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537 [2006]; *Matter of Ramos-Elizares v Westchester County Healthcare Corp.*, 94 AD3d 1130, 1131 [2012]; *Contreras v 357 Dean St. Corp.*, 77 AD3d 604, 606 [2010]; *Matter of O'Mara v Town of Cortlandt*, 210 AD2d 337, 338 [1994]; *Matter of Russ v New York City Hous. Auth.*, 198 AD2d 361 [1993]).

In addition, the plaintiffs failed to demonstrate that the more-than-one-year delay since the date of the accident in seeking leave to serve a late notice of claim will not substantially prejudice the Fire Department in maintaining its defense on the merits (*see Matter of Bell v City of New York*, 100 AD3d 990 [2012]; *Matter of Valentine v City of New York*, 72 AD3d 981, 982 [2010]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 153 [2008]).

Since the plaintiffs failed to serve a timely notice of claim upon the Fire Department, the Supreme Court properly granted the Fire Department's motion to dismiss the complaint insofar as asserted against it (*see O'Brien v City of Syracuse*, 54 NY2d 353, 358-359 [1981]).

The plaintiffs' remaining contentions are without merit or were improperly raised for the first time in their reply papers (*see Matter of Catherine G. v County of Essex*, 3 NY3d 175, 179 [2004]; *Perre v Town of Poughkeepsie*, 300 AD2d 379, 380 [2002]). Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.