■ In the Matter of JOHN BONAGURO, Respondent, v CITY OF NEW YORK et al., Appellants. [996 NYS2d 144]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim upon the City of New York, or, in the alternative, in effect, for leave to conduct pre-action disclosure, the appeal is from an order of the Supreme Court, Kings County (Ruchelsman, J.), entered October 30, 2013, which granted that branch of the petition which was for leave to serve a late notice of claim.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, that branch of the petition which was for leave to serve a late notice of claim is denied, without prejudice to renewal, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

On February 14, 2012, the petitioner allegedly fell and sustained injuries while performing cleaning work as a laborer employed by a general contractor at a wastewater treatment plant owned and operated by the City of New York, the New York City Department of Environmental Protection, and the New York City Department of Sanitation (hereinafter collectively the appellants). The petitioner alleged that the accident was witnessed by the petitioner's coworkers and an employee of the appellants. On the date of the accident, the petitioner was treated at the construction site by an on-site medical provider. Within two weeks of the accident, the petitioner filed a claim with his employer's workers' compensation carrier. Medical records were submitted to the carrier within the 90-day period following the accident. Thereafter, on August 17, 2012, or approximately six months after the alleged accident, the petitioner commenced this proceeding for leave to serve a late notice of claim upon the City. In the alternative, the petitioner, in effect, sought leave to conduct pre-action disclosure in connection with issues relating to whether an employee, officer, or agent of the City obtained actual knowledge of the essential facts constituting the claim within 90 days after it accrued or a reasonable time thereafter, and whether the knowledge of that employee, officer, or agent could be imputed to the City. The Supreme Court granted that branch of the petition which was for leave to serve the late notice of claim upon the City.

The Supreme Court improvidently exercised its discretion in granting that branch of the petition. In determining whether to grant a petition or motion for leave to serve a late notice of claim, a court must consider, inter alia, whether the petitioner demonstrated a reasonable excuse for the delay, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after it arose or within a reasonable time thereafter, and whether the delay would substantially prejudice the public corporation in maintaining its defense on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Snyder v County of Suffolk*, 116 AD3d 1052 [2014]; *Matter of Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d 790 [2014]; *Matter of Destine v City of New York*, 111 AD3d 629 [2013]; *Platt v New York City Health & Hosps. Corp.*, 105 AD3d 1026, 1027 [2013]).

Here, the petitioner's assertion that he was unaware of the notice of claim requirement was not a reasonable excuse for his initial delay in serving a notice of claim upon the City (*see Matter of Destine v City of New York*, 111 AD3d at 629; *Meyer v County of Suffolk*, 90 AD3d 720, 721 [2011]; *Matter of Grant v Nassau County Indus. Dev. Agency*, 60 AD3d 946, 947 [2009]). While the absence of a reasonable excuse is not fatal to the petition where the municipality had actual knowledge of the essential facts constituting the claim, and there was an absence of prejudice to the municipality (*see Matter of Viola v Ronkonkoma Middle Sch.*, 107 AD3d 1009, 1010 [2013]; *Matter of McLeod v City of New York*, 105 AD3d 744, 746 [2013]), the record before this Court does not demonstrate that the appellants had actual knowledge of the essential facts constituting the claim within 90 days of the alleged accident or a reasonable time thereafter (*see Matter of Valila v Town of Hempstead*, 107 AD3d 813, 814 [2013]; *Matter of Anderson v Town of Oyster Bay*, 101 AD3d 708, 709 [2012]; *Matter of Cicio v City of New York*, 98 AD2d 38, 39 [1983]; *Matter of Grant v Nassau County Indus. Dev. Agency*, 60 AD3d at 948; *Matter of Bruzzese v City of New York*, 34 AD3d 577, 578 [2006]). Further, on the record presently before us, the appellants would be prejudiced by the delay between the time the claim arose and the time the petitioner commenced this proceeding for leave to serve a late notice of claim (*see Matter of Anderson v Town of Oyster Bay*, 101 AD3d at 709-710; *Matter of Groves v New York City Tr. Auth.*, 44 AD3d 856, 857 [2007]; *Matter of Clark v City of New York*, 292 AD2d 605 [2002]; *Matter of Mark v Board of Educ. of City of N.Y.*, 255 AD2d 586 [1998]). This conclusion, however, does not end our inquiry.

In light of its determination, the Supreme Court did not address that branch of the petition which, in effect, sought leave to conduct pre-action disclosure in connection with the issues relating to whether the City obtained actual knowledge of the essential facts constituting the claim, and, if so, the timing thereof. Thus, that branch of the petition remains pending and undecided (*see Matter of Interboro Ins. Co. v Maragh*, 51 AD3d 1024, 1026 [2008]; *Matter of Valley Forge Ins. Co. v Schofield*, 283 AD2d 507, 508 [2001]; *Katz v Katz*, 68 AD2d 536, 542-543 [1979]), and the matter must be remitted to the Supreme Court, Kings County, for a determination of that branch of the petition which was for leave to conduct pre-action disclosure. Since, under the circumstances of this case, a determination of that branch of the petition by the Supreme Court may have an effect on whether the petitioner can establish that the City obtained actual knowledge of the essential facts constituting the claim within 90 days of its accrual, or a reasonable time thereafter,

and whether the City was prejudiced by the lapse of time between the accident and the commencement of this proceeding, our denial of that branch of the petition which was for leave to serve a late notice of claim upon the City is without prejudice to renewal. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.