■ Tessa F. Bethune, Appellant, v Nassau University Medical Center (NUMC) et al., Respondents, et al., Defendants. [49 NYS3d 909]—In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Brown, J.), entered April 23, 2015, which granted the motion of the defendants Nassau University Medical Center (NUMC), Jacob E. Sperber, Mark Lerman, Mukesh Sharoha, "Nurse" Vilmer, and Melissa Boxer to dismiss the complaint insofar as asserted against them, inter alia, for failure to serve a notice of claim, and denied her cross motion, inter alia, for leave to serve a late notice of claim, and (2) a judgment of the same court entered May 28, 2015, which, upon the order entered April 23, 2015, is in favor of those defendants and against her dismissing the complaint insofar as asserted against them.

Motion by the respondents, inter alia, to dismiss the appeal from the order entered April 23, 2015, on the ground that the right of direct appeal therefrom terminated with the entry of the judgment entered May 28, 2015. By decision and order on motion of this Court dated January 19, 2016, the branch of the motion which was to dismiss the appeal from the order entered April 23, 2015, was held in abeyance and referred to the panel

of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in relation thereto, and upon the submission of the appeals, it is

Ordered that the branch of the motion which is to dismiss the appeal from the order entered April 23, 2015, is granted; and it is further,

Ordered that the appeal from the order entered April 23, 2015, is dismissed; and it is further,

Ordered that the judgment entered May 28, 2015, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the order entered April 23, 2015, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The action was properly dismissed insofar as asserted against the respondents on the ground that the plaintiff failed to serve a notice of claim (*see* Public Authorities Law § 3415 [1]; General Municipal Law § 50-e).

Further, the plaintiff failed to submit a proposed notice of claim in support of that branch of her cross motion which was for leave to serve a late notice of claim. General Municipal Law § 50-e (7) provides that "[w]here the application is for leave to serve a late notice of claim, it shall be accompanied by a copy of the proposed notice of claim." Failure to comply with that provision is sufficient justification to deny that relief (*see Grasso v Nassau County*, 109 AD3d 579 [2013]; *Matter of Farfan v City of New York*, 101 AD3d 714, 715 [2012]).

The plaintiff's remaining contentions are without merit. Leventhal, J.P., Sgroi, Hinds-Radix and LaSalle, JJ., concur.