Matter of Brown v City of New York (2019 NY Slip Op 05773)





Matter of Brown v City of New York


2019 NY Slip Op 05773


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-01200
 (Index No. 515882/17)

[*1]In the Matter of Bernice Brown, et al., appellants,
v City of New York, et al., respondents.


Beldock Levine & Hoffman LLP, New York, NY (Keith Szczepanski and Gillian Cassell-Stiga of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York, NY (Richard Dearing, Emma Grunberg, Sean R. Campbell, and Ashley Garman of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e for leave to serve late notices of claim, the petitioners appeal from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated October 27, 2017. The order denied the petition.
ORDERED that the order is affirmed, with costs.
On August 15, 2017, the petitioners, Bernice Brown, Henry Brown, Nuria Bryant, Raymond Dorcela, and Sonya Moyer, commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve late notices of claim upon the respondents. The petitioners alleged that they suffered emotional injuries and property damage as a result of certain practice drills conducted between April and June 2016 by unspecified firefighters employed by the respondent Fire Department of the City of New York (hereinafter the FDNY) in the apartment building where the petitioners resided. In support of their petition, the petitioners submitted a proposed notice of claim by Henry Brown and a separate proposed notice of claim by Moyer. The respondents served an affirmation in opposition dated September 8, 2017. For the first time in reply, the petitioners submitted affidavits from Henry Brown , Bryant, and Moyer, and an "event information" report dated May 17, 2016, created by the New York City Police Department (hereinafter the NYPD). The Supreme Court denied the petition, and the petitioners appeal.
General Municipal Law § 50-e provides that, prior to commencing an action sounding in tort against a municipality or public corporation, a notice of claim must be served within 90 days after the claim arises (see General Municipal Law § 50-e[1][a]; Matter of Zaid v City of New York, 87 AD3d 661, 662).
We agree with the denial of those branches of the petition which were to grant Bernice Brown, Bryant, and Dorcela leave to serve late notices of claim, since these petitioners failed to submit a copy of their proposed notices of claim (see General Municipal Law § 50-e[7]; Bethune v Nassau Univ. Med. Ctr. [NUMC], 149 AD3d 798, 799; Matter of Farfan v City of New York, 101 AD3d 714, 715; Matter of Estate of Curreri v New York City Hous. Auth., 87 AD3d 1064, 1065).
We also agree with the denial of that branch of the petition which was to grant Moyer leave to serve a late notice of claim, since her proposed notice of claim did not provide the time when, the place where, and the manner in which her claim arose, the items of damages or injuries, [*2]or the total amount claimed (see General Municipal Law § 50-e[2]; Matter of Parker v New York City Hous. Auth., 81 AD3d 964, 965; Matter of Melissa G. v North Babylon Union Free School Dist., 50 AD3d 901, 902; Perre v Town of Poughkeepsie, 300 AD2d 379, 380).
We further agree with the denial of that branch of the petition which was to grant Henry Brown leave to serve a late notice of claim. Henry Brown failed to proffer any excuse for his failure to serve a timely notice of claim (see Matter of Wilson v City of New York, 160 AD3d 970, 971; Matter of D'Agostino v City of New York, 146 AD3d 880, 882; Troy v Town of Hyde Park, 63 AD3d 913, 914). His contention that the respondents had actual knowledge of his claim based on the allegation in the petition that the FDNY's employees were directly involved in the incidents, without more—such as a report or other evidence demonstrating that the respondents acquired timely, actual knowledge of the essential facts constituting his claim—is without merit (see Matter of Naar v City of New York, 161 AD3d 1081, 1083; Matter of Thill v North Shore Cent. Sch. Dist., 128 AD3d 976, 977; Matter of Thompson v City of New York, 95 AD3d 1024, 1025). Finally, he failed to present "some evidence or plausible argument" supporting a finding that the respondents will not be substantially prejudiced by the more than one-year delay from the expiration of the 90-day statutory period until the commencement of this proceeding (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; see Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1001; Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d 909, 912).
We have not considered the affidavits or the NYPD report submitted by the petitioners for the first time in their reply (see Matter of Murnane v New York City Sch. Constr. Auth., 164 AD3d 506, 508; Matter of Bell v City of New York, 100 AD3d 990, 991; Matter of Wright v City of New York, 99 AD3d 717, 719), or the excuses for the failures asserted by the petitioners for the first time on appeal (see Matter of 148 S. Emerson Partners, LLC v 148 S. Emerson Assoc., LLC, 157 AD3d 887, 889; Daly v Kochanowicz, 67 AD3d 78, 92).
MASTRO, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court