■ In the Matter of ROSA RIVERA et al., Appellants, v CITY OF NEW YORK et al., Respondents. [931 NYS2d 400]—

The petitioners were arrested on December 27, 2009. Subsequently, the petitioner Rosa Rivera (hereinafter Rosa) was charged with refusing to aid a police officer, and the petitioner Rosangela Rivera (hereinafter Rosangela) was charged with obstructing governmental administration in the second degree

and tampering with physical evidence. Several days after they were arrested, the petitioners were released from custody on their own recognizance. On January 5, 2010, the charges against Rosa were dismissed, and on August 27, 2010, the charges against Rosangela were dismissed. On August 30, 2010, the petitioners filed separate notices of claim upon the respondents alleging, inter alia, claims of false arrest, false imprisonment, and malicious prosecution. Rosangela's notice of claim was timely with respect to her malicious prosecution claim (*see Matter of Ragland v New York City Hous. Auth.*, 201 AD2d 7, 9 [1994]). The petitioners subsequently commenced this proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve late notices of claim with respect to, among other things, their respective claims of false arrest and false imprisonment and Rosa's claim of malicious prosecution.

The Supreme Court did not improvidently exercise its discretion in denying those branches of the petition which were for leave to serve a late notice of claim on behalf of Rosa with respect to that petitioner's claims of false arrest, false imprisonment, and malicious prosecution, and for leave to serve a late notice of claim on behalf of Rosangela with respect to that petitioner's claims of false arrest and false imprisonment. The petitioners failed to provide a reasonable excuse for their failure to serve timely notices of claim with respect to those claims (*see Matter of Cali v City of Poughkeepsie*, 84 AD3d 1229 [2011]; *Matter of Werner v Nyack Union Free School Dist.*, 76 AD3d 1026 [2010]; *Matter of Bush v City of New York*, 76 AD3d 628, 629 [2010]). Moreover, the evidence submitted by the petitioners failed to establish that the respondents had actual knowledge of the essential facts constituting the aforementioned late claims within 90 days following their accrual or a reasonable time thereafter (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537 [2006]; *Matter of Blanco v City of New York*, 78 AD3d 1048 [2010]; *Matter of Bush v City of New York*, 76 AD3d at 629; *Matter of Griffin v City of New York*, 69 AD3d 938 [2010]; *Matter of Charles v City of New York*, 67 AD3d 793 [2009]). Finally, the petitioners failed to establish that the delays in serving their notices of claim would not substantially prejudice the respondents in maintaining their defense on the merits with respect to the aforementioned late claims (*see Williams v Nassau County Med. Ctr.*, 6 NY3d at 539; *Matter of Bush v City of New York*, 76 AD3d at 629; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 152-153 [2008]). Skelos, J.P., Angiolillo, Lott and Roman, JJ., concur.