In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals *814 from an order of the Supreme Court, Nassau County (Phelan, J.), entered May 22, 2012, which denied the petition and, in effect, dismissed the proceeding.
Ordered that the order is affirmed, with costs.
In determining whether to grant a petition for leave to serve a late notice of claim, a court must consider whether the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the claimant made an excusable error concerning the identity of the public corporation, and whether the delay would substantially prejudice the public corporation in its defense (see General Municipal Law § 50-e [5]; Matter of Gershanow v Town of Clarkstown, 88 AD3d 879, 880 [2011]; Matter of Ambrico v Lynbrook Union Free School Dist., 71 AD3d 762, 763 [2010]; Matter of Ruffino v City of New York, 57 AD3d 550, 551 [2008]).
The petitioner’s mistaken belief that his employer at the time of his accident had entered into a contract with the County of Nassau rather than the Town of Hempstead was not an acceptable excuse, given his failure to explain the additional delay between the time that he discovered the error and the filing of this petition (see Matter of Burgess v County of Suffolk, 56 AD3d 769, 770 [2008]; State Farm Mut. Auto. Ins. Co. v New York City Tr. Auth., 35 AD3d 718 [2006]; Matter of Dell'Italia v Long Is. R.R. Corp., 31 AD3d 758, 759 [2006]; Matter of Morris v County of Suffolk, 88 AD2d 956, 956-957 [1982], affd 58 NY2d 767 [1982]).
Furthermore, the Town did not acquire timely, actual knowledge of the essential facts constituting the claim. While the petitioner asserted that the Town’s employees were present at the site at the time of the accident, there was no evidence that they were aware of the facts constituting the claim of negligence (see Matter of Anderson v Town of Oyster Bay, 101 AD3d 708, 709 [2012]; Matter of Bruzzese v City of New York, 34 AD3d 577, 578 [2006]; Matter of Pico v City of New York, 8 AD3d 287, 288 [2004]). In addition, there was no evidence that the Town had notice of any newspaper articles reporting the accident (see Matter of Russ v New York City Hous. Auth., 198 AD2d 361 [1993]). In any event, the newspaper article submitted by the petitioner was insufficient to provide the Town with actual knowledge of the facts constituting the petitioner’s claim of the Town’s negligence and his injuries (see Matter of Keyes v City of New York, 89 AD3d 1086 [2011]; Matter of O’Mara v Town of *815 Cortlandt, 210 AD2d 337, 338 [1994]; Wencek v County of Chautauqua, 132 AD2d 950 [1987]). Moreover, the late notice of claim served upon the Town more than one month after the 90-day statutory period had elapsed did not provide the Town with actual knowledge of the essential facts constituting the claim within a reasonable time after the expiration of the statutory period. Finally, the petitioner failed to demonstrate that the nearly two-month delay in commencing this proceeding would not substantially prejudice the Town in maintaining its defense, given the lack of notice and the transitory nature of the allegedly defective condition (see Matter of Bell v City of New York, 100 AD3d 990 [2012]; Matter of Valentine v City of New York, 72 AD3d 981, 982 [2010]; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 153 [2008]). Accordingly, the Supreme Court providently exercised its discretion in denying the petition.
We have not considered the petitioner’s remaining contentions, which were improperly raised for the first time in his reply papers before the Supreme Court or pertain to matter dehors the record (see Matter of Minkowicz v City of New York, 100 AD3d 1000 [2012]; Smith v County of Suffolk, 61 AD3d 743 [2009]). Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.