In a proceeding, inter alia, pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the appeal is from an order of the Supreme Court, Kings County (Ash, J.), dated August 17, 2012, which granted the petition.
Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the petition is denied.
In determining whether to grant an application for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant facts and circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits (see General Municipal Law § 50-e [5]; Platt v New York City Health & Hosps. Corp., 105 AD3d 1026, 1027 [2013]; Matter of Acosta v City of New York, 39 AD3d 629, 630 [2007]; Matter of Henriques v City of New York, 22 AD3d 847, 848 [2005]).
Here, the petitioner did not demonstrate a reasonable excuse for the failure to serve a timely notice of claim and for the delay in filing the petition (see Matter of Bell v City of New York, 100 AD3d 990 [2012]). The petitioner’s ignorance of the law did not constitute a reasonable excuse (see id.; Matter of Taylor v County of Suffolk, 90 AD3d 769, 770 [2011]; Meyer v County of Suffolk, 90 AD3d 720, 721 [2011]). Furthermore, the petitioner failed to explain the additional lapse of six months between his attempt to serve the late notice of claim without the required court authorization and the commencement of the instant proceeding, inter alia, to deem the late notice of claim timely served nunc *630 pro tunc (see Matter of Gobardhan v City of New York, 64 AD3d 705, 706 [2009]; Matter of Camilleri v County of Suffolk, 190 AD2d 669 [1993]).
Moreover, the City of New York did not acquire timely, actual knowledge of the essential facts constituting the claims. The evidence submitted by the petitioner did not establish that the City had actual knowledge of the essential facts constituting the claims of, inter alia, false arrest, false imprisonment, malicious prosecution, assault, and battery within 90 days following their accrual or a reasonable time thereafter (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 537 [2006]; Matter of Rivera v City of New York, 88 AD3d 1004, 1005 [2011]; Matter of Blanco v City of New York, 78 AD3d 1048 [2010]; Matter of Bush v City of New York, 76 AD3d 628 [2010]; Hendrix v City of New York, 76 AD3d 613 [2010]; Matter of Griffin v City of New York, 69 AD3d 938 [2010]; Matter of Charles v City of New York, 67 AD3d 793 [2009]). In addition, the disallowed late notice of claim served upon the City’s Comptroller more than 4V2 months after the 90-day statutory period had elapsed did not provide the City with actual knowledge of the essential facts constituting the claims within a reasonable time after the expiration of the statutory period (see Matter of Valila v Town of Hempstead, 107 AD3d 813, 815 [2013]).
The evidence submitted by the petitioner did not rebut the City’s contention that the 10-month delay after the expiration of the 90-day period in seeking leave to deem the disallowed late notice of claim timely served nunc pro tunc would substantially prejudice its ability to conduct an investigation of the claims (see Godfrey v City of New Rochelle, 74 AD3d 1018, 1019 [2010]; Matter of Lorseille v New York City Hous. Auth., 295 AD2d 612 [2002]; (Matter of DiBella v City of New York, 234 AD2d 366, 367 [1996]).
Accordingly, the Supreme Court should have denied the petition.
We have not considered the petitioner’s additional excuse for the delay and additional evidence that were improperly submitted to the Supreme Court by the petitioner for the first time in reply (see Matter of Bell v City of New York, 100 AD3d at 991; Matter of Allstate Ins. Co. v Dawkins, 52 AD3d 826, 827 [2008]). Angiolillo, J.E, Hall, Roman and Cohen, JJ., concur.