■ In the Matter of Melinda Mitchell et al., Respondents, v City of New York, Appellant. [977 NYS2d 368]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim upon the City of New York, the appeal is from an order of the Supreme Court, Kings County (Pfau, J.), entered October 11, 2012, which granted the petition.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the petition is denied.

In determining whether to grant a petition for leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Destine v City of New York*, 111 AD3d 629 [2d Dept 2013]; *Matter of Rush v County of Suffolk*, 35 AD3d 619 [2006]).

In the instant matter, the petitioners offered no explanation at all for their delay, much less demonstrate a reasonable excuse for the failure to serve a timely notice of claim (*see Hendrix v City of New York*, 76 AD3d 613 [2010]).

Moreover, the appellant, City of New York, did not acquire timely, actual knowledge of the essential facts constituting the claims. The evidence submitted by the petitioners did not estab-

lish that the City had actual knowledge of the essential facts constituting the claims of, inter alia, false arrest, false imprisonment, malicious prosecution, assault, and battery within 90 days following their accrual or a reasonable time thereafter (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537 [2006]; *Matter of Destine v City of New York*, 111 AD3d 629 [2013]; *Matter of Rivera v City of New York*, 88 AD3d 1004, 1005 [2011]; *Matter of Blanco v City of New York*, 78 AD3d 1048 [2010]; *Matter of Bush v City of New York*, 76 AD3d 628 [2010]).

Finally, the petitioners failed to establish that the delay in serving their notice of claim would not substantially prejudice the City in maintaining its defense on the merits with respect to the claims that were the subject of that notice (*see Matter of Destine v City of New York*, 111 AD3d 629 [2013]; *Matter of Rivera v City of New York*, 88 AD3d 1004 [2011]; *Matter of Blanco v City of New York*, 78 AD3d 1048 [2010]).

Accordingly, the Supreme Court should have denied the petition for leave to serve the late notice of claim. Skelos, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.