In the Matter of NIGEL MURRAY, Appellant, v VILLAGE OF MALVERNE et al., Respondents. [987 NYS2d 229]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Nassau County (Diamond, J.), entered May 28, 2013, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

In determining whether to deem a late notice of claim timely served nunc pro tunc or to grant leave to serve a late notice of claim, the key factors that the court must consider are whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant made an excusable error concerning the identity of the public corporation, (3) the delay would substantially prejudice the public corporation in its defense, and (4) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim and for the subsequent delay in seeking leave to serve a late notice of claim (*see* General Municipal Law § 50-e [5]; *Matter of Sanchez v City of New York*, 116 AD3d 703 [2014]; *Matter of Valila v Town of Hempstead*, 107 AD3d 813, 814 [2013]; *Matter of Mitchell v Town of Greenburgh*, 96 AD3d 852 [2012]; *Matter of Iacone v Town of Hempstead*, 82 AD3d 888 [2011]).

While the petitioner's error in serving the County of Nassau rather than the Village of Malverne may have excused the initial delay between the time that he served the notice of claim upon Nassau County and the discovery of the error, the petitioner failed to proffer a reasonable excuse for the additional delay between the time that he discovered the error and the filing of this petition (*see Matter of Valila v Town of Hempstead*, 107 AD3d at 814; *Matter of Burgess v County of Suffolk*, 56 AD3d 769, 770 [2008]; *State Farm Mut. Auto. Ins. Co. v New York City Tr. Auth.*, 35 AD3d 718 [2006]).

Furthermore, the respondents did not acquire timely, actual knowledge of the essential facts constituting the petitioner's claims. The evidence submitted by the petitioner did not establish that the respondents had actual knowledge of the essential facts constituting his claims of, inter alia, false arrest, false imprisonment, malicious prosecution, assault, and battery within 90 days following their accrual or a reasonable time thereafter (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537 [2006]; *Matter of Mitchell v City of New York*, 112 AD3d 940, 940-941 [2013]; *Matter of Destine v City of New York*, 111 AD3d 629 [2013]; *Matter of Rivera v City of New York*, 88 AD3d 1004, 1005 [2011]). Moreover, the late notice of claim the petitioner served on the Village approximately one month after the 90-day statutory period had elapsed was served too late to provide the Village with actual knowledge of the essential facts constituting the claim within a reasonable time after the expiration of the statutory period (*see Matter of Valila v Town of Hempstead*, 107 AD3d at 815; *Matter of Katsiouras v City of New York*, 106 AD3d 916, 918 [2013]).

The respondents maintain that they did not conduct any investigation of this claim prior to being served with the petition. The petitioner failed to submit evidence sufficient to rebut the respondents' contention that the nearly two-month delay in commencing this proceeding, after the expiration of the 90-day statutory period, would substantially prejudice their ability to conduct an investigation of the claim (*see Matter of Mitchell v City of New York*, 112 AD3d at 941; *Matter of Valila v Town of Hempstead*, 107 AD3d at 815; *Matter of Rivera v City of New York*, 88 AD3d at 1005).

Accordingly, the Supreme Court properly dismissed the proceeding to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc. Skelos, J.P., Leventhal, Cohen, LaSalle and Barros, JJ., concur.