■ In the Matter of SEBASTIAN DELAMOTA, Appellant, v CITY OF NEW YORK et al., Respondents. [998 NYS2d 647]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered October 24, 2013, as denied that branch of the petition which was for leave to serve a late notice of claim with respect to his claims of malicious prosecution and negligence.

Ordered that the order is affirmed insofar as appealed from, with costs.

In determining whether to grant a petition for leave to serve a late notice of claim, a court must consider all relevant circumstances, including whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the delay would substantially prejudice the public corporation in its defense, and whether the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim (*see Kuterman v City of New York*, 121 AD3d 646 [2014]; *Matter of Valila v Town of Hempstead*, 107 AD3d 813 [2013]; *Matter of Mounsey v City of New York*, 68 AD3d 998, 999 [2009]).

Here, the petitioner failed to provide a reasonable excuse for failing to timely serve a notice of claim with respect to his claims of malicious prosecution and negligence (*see Matter of Kumar v City of New York*, 52 AD3d 517, 518 [2008]; *Anderson v City Univ. of N.Y. at Queens Coll.*, 8 AD3d 413, 414 [2004]). Moreover, the evidence submitted by the petitioner did not establish that the respondents had actual knowledge of the essential facts constituting his claims of malicious prosecution and negligence within 90 days following their accrual or a reasonable time thereafter (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537 [2006]; *Matter of Mitchell v City of New York*, 112 AD3d 940, 940-941 [2013]; *Matter of Rivera v City of New York*, 88 AD3d 1004, 1005 [2011]; *Matter of Blanco v City of New York*, 78 AD3d 1048, 1048 [2010]; *Matter of Bush v City of New York*, 76 AD3d 628, 629 [2010]). Furthermore, the petitioner failed to submit evidence sufficient to rebut the respondents' contention that the nearly seven-month delay in commencing this proceeding, after the expiration of the 90-day statutory period, would substantially prejudice them in maintaining their defense on the merits with respect to the aforementioned late claims (*see Matter of Rivera v City of New York*, 88 AD3d at 1005).

Accordingly, the Supreme Court properly denied that branch of the petition which was for leave to serve a late notice of claim with respect to the petitioner's claims of malicious prosecution and negligence.

In light of our determination, we need not reach the parties' remaining contentions. Rivera, J.P., Skelos, Roman and Miller, JJ., concur.