■ In the Matter of UNIQUE WOODEN, an Infant, by His Mother and Natural Guardian, LATASHA WOODEN, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [25 NYS3d 333]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), dated August 19, 2013, which denied the petition.

Ordered that the order is affirmed, with costs.

The determination of an application for leave to serve and file a late notice of claim is left to the sound discretion of the trial court (*see Bakioglu v Tornabene*, 117 AD3d 658, 658 [2014]; *Matter of Vasquez v City of Newburgh*, 35 AD3d 621, 623 [2006]). Among the factors to be considered by a court in determining whether to grant a petition for leave to serve a late notice of claim are whether: (1) the municipality acquired actual knowledge of the essential facts constituting the petitioner's claim within 90 days after the claim arose or a reasonable time thereafter; (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim; and (3) the delay would not substantially prejudice the municipality in its defense on the merits (*see Bakioglu v Tornabene*, 117 AD3d at 658; *Matter of Mitchell v City of New York*, 112 AD3d 940 [2013]).

Here, the petitioner failed to provide a reasonable excuse for failing to timely serve a notice of claim, and the petitioner's infancy, without any showing of a nexus between the infancy

and the delay, was insufficient to constitute a reasonable excuse (*see Matter of Stockle v City of New York*, 91 AD3d 962, 962 [2012]; *Robertson v Somers Cent. School Dist.*, 90 AD3d 1012, 1012 [2011]). The affidavit of the petitioner's mother, which was submitted for the first time in reply, could not properly be considered in determining whether the petitioner provided a reasonable excuse (*see Matter of Anderson v New York City Dept. of Educ.*, 102 AD3d 958, 959 [2013]; *Matter of Bell v City of New York*, 100 AD3d 990, 991 [2012]).

The evidence submitted by the petitioner did not establish that the respondent had actual knowledge of the essential facts constituting his claims of, inter alia, false arrest, false imprisonment, and malicious prosecution within 90 days following their accrual or a reasonable time thereafter (*see Matter of Delamota v City of New York*, 124 AD3d 777, 778 [2015]; *Matter of Mitchell v City of New York*, 112 AD3d 940, 940-941 [2013]; *Matter of Rivera v City of New York*, 88 AD3d 1004, 1005 [2011]; *Matter of Blanco v City of New York*, 78 AD3d 1048 [2010]). Contrary to the petitioner's contention, the timely notices of claim served by individuals with whom he was arrested did not identify the petitioner, and, therefore, were not sufficient to show that the municipality acquired actual knowledge of the essential facts constituting the petitioner's claims. Finally, the petitioner failed to establish that the delay in serving a notice of claim would not substantially prejudice the respondent (*see Matter of Delamota v City of New York*, 124 AD3d at 778; *Matter of Mitchell v City of New York*, 112 AD3d at 941).

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim. Chambers, J.P., Hall, Austin and Barros, JJ., concur.