■ In the Matter of MICHAEL MAGGIO, Appellant, v CITY OF NEW YORK, Respondent. [28 NYS3d 431]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim upon the City of New York, the petitioner appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), entered January 8, 2015, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

In determining whether to grant a petition for leave to serve a late notice of claim, the court must consider all relevant facts, including whether, inter alia, (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, (3) the claimant was mentally or physically incapacitated, and (4) the delay in serving the notice of claim would substantially prejudice the public corporation in its defense on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Mitchell v City of New York*, 112 AD3d 940 [2013]; *Matter of Destine v City of New York*, 111 AD3d 629 [2013]; *Matter of Khalid v City of New York*, 91 AD3d 779 [2012]).

The Supreme Court did not improvidently exercise its discretion in denying that branch of the petition which was for leave to serve a late notice of claim with respect to the State law claims of, inter alia, assault and battery. The petitioner did not demonstrate a reasonable excuse for the failure to serve a timely notice of claim with respect to those State law claims. The petitioner failed to demonstrate that he was mentally incapacitated to such an extent that he could not have complied with the statutory requirement to serve a timely notice of claim (*see Matter of Wright v City of New York*, 99 AD3d 717, 718 [2012]; *Matter of Valentine v City of New York*, 72 AD3d 981, 982 [2010]; *Matter of Portnov v City of Glen Cove*, 50 AD3d 1041, 1042-1043 [2008]). Furthermore, the petitioner's bare assertion of law office failure was not an acceptable excuse for the additional six-week delay after counsel was retained (*see Matter of Smith v Baldwin Union Free School Dist.*, 63 AD3d 1078, 1079 [2009]; *Matter of Baglivi v Town of Southold*, 301 AD2d 597, 598 [2003]; *Matter of Kittredge v New York City Hous. Auth.*, 275 AD2d 746 [2000]).

Moreover, the evidence submitted by the petitioner failed to establish that the City of New York had actual knowledge of the essential facts constituting the aforementioned State law claims within 90 days following their accrual or a reasonable time thereafter (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537 [2006]; *Matter of Mitchell v City of New York*, 112 AD3d 940 [2013]; *Matter of Destine v City of New York*, 111 AD3d 629 [2013]; *Matter of Rivera v City of New York*, 88 AD3d 1004, 1005 [2011]). In addition, the notice of claim served upon the City three months after the 90-day statutory period had elapsed was served too late to provide the City with actual knowledge of the essential facts constituting those claims within a reasonable time after the expiration of the 90-day statutory period (*see Matter of Stark v West Hempstead Union Free Sch. Dist.*, 127 AD3d 765, 766 [2015]; *Matter of Murray v Village of Malverne*, 118 AD3d 798, 799 [2014]; *Matter of Valila v Town of Hempstead*, 107 AD3d 813, 814 [2013]). Finally, the petitioner failed to establish that the delay in serving the notice of claim with respect to the State law claims would not substantially prejudice the City in maintaining its defense on the merits with respect to those claims (*see Williams v Nassau County Med. Ctr.*, 6 NY3d at 539; *Matter of Anderson v New York City Dept. of Educ.*, 102 AD3d 958, 960 [2013]; *Matter of Khalid v City of New York*, 91 AD3d 779 [2012]; *Buchanan v Beacon City School Dist.*, 79 AD3d 961, 962 [2010]).

That branch of the petition which was for leave to serve a

late notice of claim alleging federal civil rights violations was properly denied as unnecessary (*see Gorman v Sachem Cent. School Dist.*, 232 AD2d 452, 453 [1996]). Hall, J.P., Austin, Sgroi and LaSalle, JJ., concur.