In the Matter of CLIFFORD WEAVER, Appellant, v CITY OF NEW YORK et al., Respondents. [29 NYS3d 539]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), entered July 15, 2014, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, a court must consider all relevant circumstances, including whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the delay would substantially prejudice the public corporation in its defense, and whether the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim (*see Matter of Delamota v City of New York*, 124 AD3d 777, 778 [2015]; *Kuterman v City of New York*, 121 AD3d 646, 647 [2014]; *Matter of Murray v Village of Malverne*, 118 AD3d 798, 799 [2014]).

Here, the petitioner did not provide a reasonable excuse for failing to timely serve a notice of claim with respect to his claims of, inter alia, false arrest, false imprisonment, assault, battery, and negligence. The petitioner's ignorance of the law does not constitute a reasonable excuse (*see Matter of Barrett v Village of Wappingers Falls*, 130 AD3d 817, 818 [2015]). Moreover, the evidence submitted by the petitioner did not establish that the respondents had actual knowledge of the essential facts constituting the subject claims within 90 days following their accrual or a reasonable time thereafter (*see Matter of Delamota v City of New York*, 124 AD3d at 778; *Matter of Murray v Village of Malverne*, 118 AD3d at 799; *Matter of Rivera v City of New York*, 88 AD3d 1004 [2011]). Furthermore, the petitioner failed to submit evidence sufficient to rebut the respondents' contention that the more than six-month delay in commencing this proceeding, after the expiration of the 90-day statutory period, would substantially prejudice them in maintaining their defense on the merits with respect to the subject late claims (*see Matter of Delamota v City of New York*, 124 AD3d at 778; *Matter of Farfan v City of New York*, 101 AD3d 714, 715 [2012]; *Matter of Rivera v City of New York*, 88 AD3d at 1005).

Accordingly, the Supreme Court providently exercised its

discretion in denying the petition and dismissing the proceeding for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc. Mastro, J.P., Hall, Maltese and LaSalle, JJ., concur.