In the Matter of IALA MOHAMED, Appellant, v NEW YORK CITY, Respondent. [31 NYS3d 182]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated April 23, 2015, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the order is affirmed, with costs.

"In determining whether to grant a petition for leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits" (*Matter of Mitchell v City of New York*, 112 AD3d 940, 940 [2013]; *see Matter of Lawhorne v City of New York*, 133 AD3d 856 [2015]). "While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance" (*Matter of Placido v County of Orange*, 112 AD3d 722, 723 [2013] [citations omitted]; *see Matter of Barrett v Village of Wappingers Falls*, 130 AD3d 817 [2015]; General Municipal Law § 50-e [5]).

Here, the petitioner failed to establish a reasonable excuse for his failure to serve a timely notice of claim (*see Matter of Bush v City of New York*, 76 AD3d 628, 629 [2010]; *Matter of Catuosco v City of New York*, 62 AD3d 995, 997 [2009]; *Astree v New York City Tr. Auth.*, 31 AD3d 589, 590 [2006]; *see also Matter of Vasquez v City of Newburgh*, 35 AD3d 621, 623-624 [2006]). The petitioner also failed to establish that the respondent had actual knowledge of the facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (*see Matter of Anderson v Town of Oyster Bay*, 101 AD3d 708, 709 [2012]; *Matter of Peterson v New York City Dept. of Envtl. Protection*, 66 AD3d 1027, 1030 [2009]). Furthermore, the petitioner failed to establish that his delay in seeking leave to serve a notice of claim would not substantially prejudice the respondent in defending the claim on the merits (*see Matter of Minkowicz v City of New York*, 100 AD3d 1000, 1000-1001 [2012]; *Matter of Wright v City of New York*, 99 AD3d 717, 719 [2012]). Accordingly, the Supreme Court providently exercised its discretion in denying the petition and, in effect, dismissing the proceeding.

This Court has not considered the new evidence proffered by the petitioner for the first time on appeal. "[A]ppellate review is limited to the record made at the nisi prius court and, absent matters which may be judicially noticed, new facts may not be injected at the appellate level" (*Block v Magee*, 146 AD2d 730, 732 [1989]; *see Poveromo v Kelley-Amerit Fleet Servs., Inc.*, 127 AD3d 1048, 1049 [2015]). Rivera, J.P., Balkin, Barros and Connolly, JJ., concur.