■ In the Matter of JOHEEM HAMILTON, Appellant, v CITY OF NEW YORK, Respondent. [43 NYS3d 131]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Genovesi, J.), dated May 29, 2015, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the order is affirmed, with costs.

On January 23, 2015, the petitioner commenced this proceeding for leave to serve a late notice of claim, alleging that he was falsely arrested and imprisoned on August 14, 2014, and that on August 19, 2014, he was released from jail after the charges against him were dismissed. In support of the petition, he contended that his delay in seeking permission to serve a late notice of claim was occasioned by a "family emergency" in Georgia, that the respondent, the City of New York, timely acquired actual knowledge of the facts underlying the claim, and that the City consequently would not be prejudiced by the delay. The Supreme Court denied the petition. We affirm.

"In determining whether to grant leave to serve a late notice of claim, the court must consider whether (1) the claimant demonstrated a reasonable excuse for the failure to serve a

timely notice of claim, (2) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the public corporation was substantially prejudiced by the delay in its ability to maintain its defense on the merits" (*Ramirez v City of New York*, 139 AD3d 695, 695 [2016]; *see* General Municipal Law § 50-e [5]). Moreover, "the determination as to whether to grant leave to serve a late notice of claim lies within the sound discretion of the Supreme Court" (*Matter of Lodati v City of New York*, 303 AD2d 406, 406-407 [2003]).

Here, neither the petitioner's unsubstantiated claim of a family emergency nor his purported presence in Georgia for an extended period of time constituted a reasonable excuse for his delay in serving a notice of claim. The petitioner did not explain why he neglected to serve the notice before allegedly leaving for Georgia, and he also did not demonstrate how his mere presence there rendered him unable to timely serve a notice of claim. Moreover, he provided no explanation for his delay of approximately two months in seeking leave to serve a late notice of claim after his alleged return to New York. To the extent that his delay may have been attributable to his lack of awareness of the notice of claim requirement, it is established that ignorance of the law does not constitute a reasonable excuse for delay (*see Matter of Bell v City of New York*, 100 AD3d 990 [2012]; *Matter of Taylor v County of Suffolk*, 90 AD3d 769 [2011]; *Meyer v County of Suffolk*, 90 AD3d 720 [2011]).

Similarly, the petitioner failed to submit evidence establishing that the City acquired actual knowledge of the facts constituting the claim within 90 days or a reasonable time thereafter. In this regard, he provided no records or documentation in support of the petition demonstrating such actual knowledge on the part of the City (*see Matter of Maggio v City of New York*, 137 AD3d 1282 [2016]; *Matter of Mitchell v City of New York*, 112 AD3d 940 [2013]; *Matter of Destine v City of New York*, 111 AD3d 629 [2013]; *Matter of Blanco v City of New York*, 78 AD3d 1048 [2010]; *Hendrix v City of New York*, 76 AD3d 613 [2010]).

Finally, the petitioner failed to demonstrate that the delay in serving the notice of claim would not substantially prejudice the City in maintaining its defense on the merits (*see Matter of Mitchell v City of New York*, 112 AD3d 940 [2013]; *Matter of Rivera v City of New York*, 88 AD3d 1004 [2011]; *Matter of Bush v City of New York*, 76 AD3d 628 [2010]; *Matter of Griffin v City of New York*, 69 AD3d 938 [2010]; *Matter of Charles v City of New York*, 67 AD3d 793 [2009]). Accordingly, the

Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim and, in effect, dismissing the proceeding. Dillon, J.P., Leventhal, Cohen and Miller, JJ., concur.