In the Matter of FAYCAL FETHALLAH, Appellant, v NEW YORK CITY POLICE DEPARTMENT et al., Respondents. [55 NYS3d 325]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated October 16, 2015, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the order is affirmed, with costs.

On July 23, 2014, the petitioner allegedly was arrested on a public beach in Coney Island and charged with, inter alia, resisting arrest and disorderly conduct. He was released from custody on July 24, 2014, and the charges against him were dismissed on October 16, 2014. On November 14, 2014, the petitioner consulted and retained legal counsel regarding this incident, but apparently could not recall the date on which it occurred. However, a cell phone video of the incident taken by his friend showed the date of August 18, 2014. On November 14, 2014, a notice of claim was served and filed stating, inter alia, that on August 18, 2014, the petitioner was "wrongfully arrested and battered by police officers." At some unspecified time thereafter, the petitioner learned that the actual date of the incident was July 23, 2014, and he informed his attorneys of this fact. In April 2015, the petitioner commenced this proceeding for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc. In support of the petition, he contended that his delay was caused by his failure to recall the actual incident date, that the respondents timely acquired actual knowledge of the facts constituting the claim, and that they would consequently not be prejudiced by the delay. The Supreme Court denied the petition.

A party seeking to sue a public corporation must serve a notice of claim on the public corporation within 90 days after the claim arises (see General Municipal Law § 50-e [1] [a]; *Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 460 [2016]). However, a court, in its discretion, may extend the time for a petitioner to serve a notice of claim (see General Municipal Law § 50-e [5]; *Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d at 465; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]). "In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, a court must consider all relevant circumstances, including whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the

delay would substantially prejudice the public corporation in its defense, and whether the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim" (*Matter of Weaver v City of New York*, 138 AD3d 873, 874 [2016]; *see Matter of Ramos v Board of Educ. of the City of N.Y.*, 148 AD3d 909 [2017]). " 'In order to have actual knowledge of the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim; the public corporation need not have specific notice of the theory or theories themselves' " (*Matter of Ramos v Board of Educ. of the City of N.Y.*, 148 AD3d at 911, quoting *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 148 [2008]). Unsubstantiated and conclusory assertions that the public corporation acquired timely actual knowledge of the essential facts constituting the claim through reports and other documentation are insufficient (*see Humsted v New York City Health & Hosps. Corp.*, 142 AD3d 1139, 1140 [2016]; *Matter of Padgett v City of New York*, 78 AD3d 949, 950 [2010]). Where it is alleged that records and documentation provided the public corporation with actual knowledge of the essential facts constituting the claim, the evidence submitted in support of the petition must establish such knowledge on the part of the public corporation (*see Matter of Hamilton v City of New York*, 145 AD3d 784, 785 [2016]; *Matter of Rivera v City of New York*, 88 AD3d 1004, 1005 [2011]). "[F]or a report to provide actual knowledge of the essential facts, one must be able to readily infer from that report that a potentially actionable wrong had been committed by the public corporation" (*Matter of Taylor v County of Suffolk*, 90 AD3d 769, 770 [2011]).

Here, contrary to the petitioner's assertions, the involvement of the respondents' police officers in the alleged incident did not, without more, establish that the respondents had actual knowledge of the essential facts constituting his claims for false arrest and imprisonment (*see Matter of Weaver v City of New York*, 138 AD3d 873 [2016]; *Matter of Lapierre v City of New York*, 136 AD3d 821 [2016]; *Matter of Wooden v City of New York*, 136 AD3d 932 [2016]; *Matter of Murray v Village of Malverne*, 118 AD3d 798 [2014]; *cf. Matter of Mitchell v City of New York*, 134 AD3d 941 [2015]). In addition, the mere alleged existence of police reports and other records, without evidence of their content, is insufficient to impute actual knowledge to the respondents (*see Matter of Hamilton v City of New York*, 145 AD3d 784 [2016]).

Furthermore, the petitioner did not provide a reasonable

excuse for failing to timely serve a notice of claim. He failed to explain why he could not recall the date of the incident, why he waited nearly four months to consult and retain counsel and why he did not commence this proceeding until April 2015 (*see Matter of Royes v City of New York*, 136 AD3d 1042, 1043 [2016]; *Matter of Bell v City of New York*, 100 AD3d 990 [2012]). Finally, the petitioner failed to present "some evidence or plausible argument" supporting a finding that the respondents were not substantially prejudiced by the nearly six-month delay from the expiration of the 90-day statutory period until the commencement of this proceeding in April 2015 (*Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 466 [2016]; *see Matter of Ramos v Board of Educ. of the City of N.Y.*, 148 AD3d at 912).

Accordingly, the Supreme Court providently exercised its discretion in denying the petition and, in effect, dismissing the proceeding. Dillon, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.