In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Genovesi, J.), dated August 21, 2015, which denied the petition. Ordered that the order is affirmed, with costs. On September 10, 2014, the petitioner was arrested in Brooklyn. Thereafter, he was arraigned and detained at Rikers Island until his release from custody on September 13, 2014. On March 27, 2015, the criminal charges against him were dismissed. On or about May 21, 2015, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim upon the City of New York and the New York City Police Department (hereinafter together the City). On May 27, 2015, the petitioner served the petition and the proposed notices of claim upon the City. The notices of claim were timely with respect to the claim sounding in malicious prosecution, but untimely with respect to the claims sounding in false arrest and false imprisonment (see Matter of Lapierre v City of New York, 136 AD3d 821 [2016]; Matter of Blanco v City of New York, 78 AD3d 1048 [2010]). “Timely service of a notice of claim is a condition precedent to a lawsuit sounding in tort and commenced against a municipality” (Matter of Zaid v City of New York, 87 AD3d 661, 662 [2011]). “The determination of an application for leave to serve ... a late notice of claim is left to the sound discretion of the trial court” (Matter of Wooden v City of New York, 136 AD3d 932, 932 [2016]; see Matter of Mitchell v City of New York, 134 AD3d 941 [2015]; Matter of Narcisse v Incorporated Vil. of Cent. Islip, 36 AD3d 920 [2007]). “In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, a court must consider all relevant circumstances, including whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the delay would substantially prejudice the public corporation in its defense, and whether the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim” (Matter of Weaver v City of New York, 138 AD3d 873, 874 [2016]). “ ‘While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance’ ” (Matter of Mohamed v New York City, 139 AD3d 858, 858 [2016], quoting Matter of Placido v County of Orange, 112 AD3d 722, 723 [2013]; see Matter of Lawhorne v City of New York, 133 AD3d 856 [2015]; Matter of Katsiouras v City of New York, 106 AD3d 916, 917 [2013]; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147 [2008]). In order for a municipality to have actual knowledge of the essential facts constituting the claim, “[it] must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim” (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 148). Unsubstantiated contentions that the municipality acquired timely actual knowledge of the essential facts constituting the claim through the content of reports and other documentation are insufficient (see Humsted v New York City Health & Hosps. Corp., 142 AD3d 1139, 1140 [2016]). Here, the petitioner, while alleging that the City had actual knowledge of the facts constituting the claims of false arrest and false imprisonment within 90 days after the claims arose or a reasonable time thereafter, failed to submit any evidence establishing such actual knowledge (see Matter of Hamilton v City of New York, 145 AD3d 784, 785 [2016]; Matter of Maggio v City of New York, 137 AD3d 1282 [2016]; Matter of Lapierre v City of New York, 136 AD3d at 822). Moreover, the petitioner’s assertion that he knowingly delayed service of a timely notice of claim while the criminal charges were pending due to an unsubstantiated fear of reprisal, does not, under the circumstances of this case, constitute a reasonable excuse (see Palmer v City of New York, 226 AD2d 149 [1996]; Doukas v East Meadow Union Free School Dist., 187 AD2d 552 [1992]). Furthermore, as to the issue of reasonable excuse, the petitioner failed to explain why, after the criminal charges were dismissed on March 27, 2015, he waited approximately two more months to commence this proceeding. On the issue of prejudice, the Court of Appeals has instructed that “a showing [of prejudice] need not be extensive, but the petitioner must present some evidence or plausible argument that supports a finding of no substantial prejudice” (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466 [2016]). Newcomb does not change the long-standing law regarding the factors that courts are to consider in deciding whether to grant or deny leave to serve late notices of claim under General Municipal Law § 50-e (5). The import of New-comb is limited to its clarification of the shifting burdens of proof when the substantial prejudice factor is addressed in the context of late notice of claim applications (see id. at 466). Applying the Newcomb standard here, we find that the petitioner has met his threshold burden of demonstrating the absence of substantial prejudice to the City, and in opposition under the shifted burden, the City has failed to demonstrate that it has, in fact, been prejudiced. That said, our dissenting colleagues who rely on Newcomb to support a reversal of the order appealed from nevertheless acknowledge that the petitioner failed to establish that the City had acquired actual knowledge of the essential facts constituting the claim within 90 days from accrual or within a reasonable time thereafter, and that the petitioner failed to proffer a reasonable excuse for the delay. Under such circumstances, it cannot be said that the Supreme Court improvidently exercised its well-recognized discretion in denying leave to serve a late notice of claim, as a balancing of the actual knowledge and reasonable excuse factors weighed against permitting service of a late notice of claim (see id. at 465; Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 265 [1980]). Accordingly, the Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim. Mastro, J.P., Dillon and Roman, JJ., concur.