Matter of Islam v City of New York (2018 NY Slip Op 05763)





Matter of Islam v City of New York


2018 NY Slip Op 05763


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2017-00323
 (Index No. 1855/16)

[*1]In the Matter of Mohammad Islam, appellant, 
v
City of New York, respondent.


Sacco & Fillas, LLP, Astoria, NY (Ying Hua Huang of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Aaron Bloom and Max O. McCann of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nun pro tunc, the petitioner appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated September 16, 2016, which denied the petition.
ORDERED that the order is affirmed, with costs.
The petitioner was arrested on June 12, 2015, and subsequently charged with, among other crimes, assault in the second degree and robbery in the second degree. On August 6, 2015, the charges against the petitioner were dismissed. The petitioner served a notice of claim dated January 21, 2016, upon the City of New York alleging, inter alia, false arrest, false imprisonment, and malicious prosecution. The City received the notice of claim on January 26, 2016, and subsequently advised the petitioner by letter dated February 16, 2016, that his notice of claim was untimely because it was served beyond the applicable 90-day period.
The petitioner subsequently commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem his late notice of claim timely served nunc pro tunc. In support of his application, the petitioner submitted an affidavit in which he asserted that he did not timely serve a notice of claim because his assigned counsel in the underlying criminal proceeding did not advise him about the 90-day requirement for serving a notice of claim upon the City. The petitioner further argued that the City had actual knowledge of the facts of his claim since he was arrested by a City police officer who prepared a report regarding his arrest. The Supreme Court denied the petition, and the petitioner appeals.
General Municipal Law § 50-e provides that, prior to commencing an action sounding in tort against a municipality or public corporation, a notice of claim must be served within 90 days after the claim arises (see General Municipal Law § 50-e[1][a]; Matter of Zaid v City of New York, 87 AD3d 661, 662). In determining whether to extend the time to serve a notice of claim or to deem a late notice of claim timely served nunc pro tunc, a court must consider all relevant circumstances, including whether the municipality or public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, the [*2]delay would substantially prejudice the municipality or public corporation in its defense, and there exists a reasonable excuse for the failure to have timely served a notice of claim (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; Matter of Weaver v City of New York, 138 AD3d 873, 874). "The determination of an application for leave to serve . . . a late notice of claim is left to the sound discretion of the trial court" (Matter of Wooden v City of New York, 136 AD3d 932, 932; see Matter of Narcisse v Incorporated Vil. of Cent. Islip, 36 AD3d 920, 921).
In order for a municipality or public corporation to have actual knowledge of the essential facts constituting the claim, "[it] must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim" (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 148). Where it is argued that records and documentation provided the municipality or public corporation with actual knowledge of the essential facts, the evidence submitted must establish such actual knowledge on the part of the municipality or public corporation (see Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1000; Matter of Hamilton v City of New York, 145 AD3d 784, 785; Humsted v New York City Health & Hosps. Corp., 142 AD3d 1139, 1140; Matter of Rivera v City of New York, 88 AD3d 1004, 1005; Matter of Blanco v City of New York, 78 AD3d 1048; Matter of Bush v City of New York, 76 AD3d 628). "[F]or a report to provide actual knowledge of the essential facts, one must be able to readily infer from that report that a potentially actionable wrong had been committed by the [municipality or] public corporation" (Matter of Taylor v County of Suffolk, 90 AD3d 769, 770; see Matter of Cuccia v Metropolitan Transp. Auth., 150 AD3d 849, 850; Matter of Borrero v New York City Hous. Auth., 134 AD3d 1104, 1105).
Contrary to the petitioner's assertions, the involvement of a City police officer in arresting the petitioner did not, without more, establish that the City acquired actual knowledge of the essential facts constituting the petitioner's claims of false arrest, false imprisonment, and malicious prosecution within 90 days following their accrual or a reasonable time thereafter (see Matter of Ruiz v City of New York, 154 AD3d 945, 946; Matter of Fethallah v New York City Police Dept., 150 AD3d at 1000; Matter of Blanco v City of New York, 78 AD3d at 1048). In addition, the contents of the arrest report and the certificate of disposition, submitted by the petitioner in support of his application, were insufficient to impute actual knowledge to the City of the facts underlying his claims (see Matter of Weaver v City of New York, 138 AD3d at 874). Further, the petitioner failed to establish that the delay in serving a notice of claim and seeking leave to serve such notice would not substantially prejudice the City in maintaining its defense on the merits with respect to those claims (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; Matter of Mohamed v New York City, 139 AD3d 858, 859; Matter of Maggio v City of New York, 137 AD3d 1282, 1283).
The petitioner's explanation that he was not made aware of the notice of claim requirement by his assigned counsel in the criminal proceeding did not constitute a reasonable excuse for his failure to serve a timely notice of claim upon the City (see Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d 790, 791; Matter of Bush v City of New York, 76 AD3d at 629). In addition, the petitioner failed to explain the additional lapse of over two months between the time he served the late notice of claim without court authorization and the commencement of this proceeding for leave to serve a late notice of claim or to deem the late notice of claim timely served nunc pro tunc (see Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d at 791; Matter of Destine v City of New York, 111 AD3d 629, 629-630; Matter of Gobardhan v City of New York, 64 AD3d 705, 706).
Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the petition.
CHAMBERS, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court