Matter of Nadler v City of New York (2018 NY Slip Op 07431)





Matter of Nadler v City of New York


2018 NY Slip Op 07431


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-01316
2016-07470
 (Index No. 710142/15)

[*1]In the Matter of John Nadler, et al., appellants,
v
City of New York, et al., respondents.


Marc J. Bern & Partners, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Melanie T. West of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or, in effect, to deem a late notice of claim timely served nunc pro tunc, the petitioners appeal from (1) an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated January 26, 2016, and (2) an order of the same court entered July 1, 2016. The order dated January 26, 2016, insofar as appealed from, denied the petition. The order entered July 1, 2016, insofar as appealed from, denied that branch of the petitioners' motion which was for leave to renew the petition.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
On July 1, 2014, the petitioner John Nadler (hereinafter Nadler) allegedly sustained injuries as a result of falling off an A-frame ladder while taking field measurements for a "light trough" at the Rockaway Boardwalk construction project on premises allegedly owned, operated, and controlled by the respondents. According to an accident report prepared by the respondent New York City Department of Design and Construction (hereinafter the DDC) and an incident investigation report prepared by Nadler's employer, a nonparty contractor, Nadler lost his balance while reaching for his clipboard, which had been blown off the ladder by a gust of wind.
On September 25, 2015, the petitioners commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or, in effect, to deem a late notice of claim timely served nunc pro tunc. The petitioners alleged violations of Labor Law §§ 200, 240(1), and 241(6). In an order dated January 26, 2016, the Supreme Court, inter alia, denied the petition on the grounds that the petitioners failed to annex an accident report showing a causal nexus between Nadler's injuries and a violation of the Labor Law to demonstrate that the respondents had acquired actual knowledge of the essential facts constituting the claim within 90 days of the incident or a reasonable time thereafter, and that the petitioners failed to establish that the respondents were not prejudiced by the delay.
The petitioners subsequently moved, among other things, for leave to renew their petition based upon the accident report prepared by the DDC on the date of the accident and the incident investigation report prepared by Nadler's employer on July 3, 2014. The petitioners argued that those reports established that the respondents acquired actual knowledge of the essential facts constituting the claim within 90 days of the accident, and that the respondents suffered no prejudice as a result of the delay in serving a notice of claim since the respondents investigated the claim. In an order entered July 1, 2016, the Supreme Court, inter alia, denied leave to renew on the ground that the accident report and the incident investigation report would not have changed its prior determination, since they established only that Nadler lost his balance. The petitioners appeal from both orders.
In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits (see Matter of Weaver v City of New York, 138 AD3d 873). " While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance'" (Matter of Mohamed v New York City, 139 AD3d 858, 858, quoting Matter of Placido v County of Orange, 112 AD3d 722, 723). A petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc is addressed to the sound discretion of the court (see generally Matter of Ruiz v City of New York, 154 AD3d 945).
Here, the petitioners failed to establish that the respondents acquired actual knowledge of the essential facts constituting the claim within 90 days after the accident or a reasonable time thereafter, to provide a reasonable excuse for their delay, or to show that the respondents would not be substantially prejudiced in their ability to maintain a defense (see Matter of Weaver v City of New York, 138 AD3d 873; Andrews v Long Is. R.R., 110 AD3d 653). Accordingly, the Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim or, in effect, to deem a late notice of claim timely served nunc pro tunc.
A motion for leave to renew must be based upon new facts not previously offered that would change the prior determination (see CPLR 2221[e][2]). The accident report prepared by the DDC and the incident investigation report prepared by Nadler's employer both stated that Nadler lost his balance while reaching for his clipboard, which had been blown away by the wind. "The mere fact that a plaintiff fell from a ladder does not, in and of itself, establish that proper protection was not provided" (Delahaye v Saint Anns School, 40 AD3d 679, 682; see Esteves-Rivas v W2001Z/15CPW Realty, LLC, 104 AD3d 802; Artoglou v Gene Scappy Realty Corp., 57 AD3d 460; Xidias v Morris Park Contr. Corp., 35 AD3d 850). There must be evidence that the ladder was defective or inadequately secured and that the defect, or the failure to secure the ladder, was a substantial factor in causing the plaintiff's injuries (see Artoglou v Gene Scappy Realty Corp., 57 AD3d at 461). Here, the evidence submitted by the petitioners demonstrated that Nadler fell off the ladder because he lost his balance, and there was no evidence that the ladder from which he fell was defective or inadequate (see Matter of Maldonado v City of New York, 152 AD3d 522; Hugo v Sarantakos, 108 AD3d 744; Gaspar v Pace Univ., 101 AD3d 1073; Chin-Sue v City of New York, 83 AD3d 643).
Furthermore, the petitioners failed to make an initial showing of a lack of substantial prejudice due to their delay (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455). While the DDC accident report stated that the respondents took photographs of the accident scene shortly after the accident, there was no indication that an investigation of the petitioners' specific claim of negligence was undertaken or contemplated. In addition, although the incident investigation report prepared by Nadler's employer indicated that a witness statement was taken, there was no indication that this statement was provided to the respondents. Finally, the petitioners [*2]again failed to proffer a reasonable excuse for their failure to serve a timely notice of claim (see generally Bazile v City of New York, 94 AD3d 929).
Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the petitioners' motion which was for leave to renew their petition.
BALKIN, J.P., SGROI, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court