Matter of Barrer-Cohen v Greenburgh Cent. Sch. Dist. (2019 NY Slip Op 08999)





Matter of Barrer-Cohen v Greenburgh Cent. Sch. Dist.


2019 NY Slip Op 08999


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-12817
 (Index No. 59328/18)

[*1]In the Matter of Carol Barrer-Cohen, respondent,
v
Greenburgh Central School District, appellant.


Silverman & Associates, White Plains, NY (Lewis R. Silverman and Stephen P. Illions of counsel), for appellant.
The Bellantoni Law Firm, PLLC, Scarsdale, NY (Amy L. Bellantoni of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the Greenburgh Central School District appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated September 28, 2018. The order granted the petition.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, the petition is denied, and the proceeding is dismissed.
The petitioner commenced the instant proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, so as to assert claims to recover damages for violations of the Human Rights Law (see Executive Law § 296) and breach of contract against her former employer, the respondent, Greenburgh Central School District (hereinafter the District). The Supreme Court granted the petition, and the District appeals.
In determining whether to grant leave to serve a late notice of claim against the District, the Supreme Court was required to consider whether (1) the District, or its agent, acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim accrued or a reasonable time thereafter, (2) the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay substantially prejudiced the District in maintaining its defense on the merits (see Education Law § 3813[2-a]; Horn v Bellmore Union Free Sch. Dist., 139 AD3d 1006, 1007).
The petitioner contends that the District had timely, actual knowledge of the essential facts constituting her claims because she filed a charge of discrimination with the United States Equal Employment Opportunity Commission (hereinafter the EEOC) prior to serving the late notice of claim. However, the petitioner did not demonstrate that the District received notice of the charge of discrimination filed with the EEOC within 90 days after the claims accrued or a reasonable time [*2]thereafter (see Education Law § 3813[1]; Matter of Naar v City of New York, 161 AD3d 1081, 1082; Matter of Murray v Village of Malverne, 118 AD3d 798, 799). To the contrary, the only evidence submitted showed that the District did not receive notice of the charge of discrimination filed with the EEOC until well after expiration of the 90-day period.
Moreover, the petitioner proffered no excuse for her failure to serve a timely notice of claim (see Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d 790, 791; Matter of Destine v City of New York, 111 AD3d 629; Munro v Ossining Union Free School Dist., 55 AD3d 697). The petitioner also failed to sustain her initial burden of presenting "some evidence or plausible argument" that granting the petition would not substantially prejudice the District in defending on the merits (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; see Matter of Cuccia v Metropolitan Transp. Auth., 150 AD3d 849, 850).
Accordingly, the petition should have been denied and the proceeding dismissed.
BALKIN, J.P., LASALLE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court